FRANCIS J. MARSHALL V. ROBERT Y. SHIBLEY.

1. POWER OF ATTORNEY, *to Convey Lands.* A power of attorney to dis-
   pose of all the principal's lands in a specified district is good, though it
   does not in terms mention any land, and if the principal own any land
   in that district, a conveyance thereof by the attorney will pass the title.

2. ———— *Attorney may make Assignment for Benefit of Creditors.* A power
   of attorney to convey or assign away real estate in payment or to secure
   the payment of debts, authorizes the attorney to make an assignment of
   such real estate for the benefit of creditors.

3. ASSIGNMENT—*Who may Attack.* Under the laws of 1862 concerning
   assignments, only the creditors could avoid the assignment on the ground
   that the assignee had given no bond.

4. RECORD; *Evidence.* The record of an instrument authorized to be
   recorded is admissible in evidence when it appears that the original is
   not in the possession or under the control of the party desiring to use it.

5. EVIDENCE—*Grounds of Objection.* An objection to the admission of
   testimony to be available must ordinarily state the grounds of the objec-
   tion.

*Error from Marshall District Court.*

EJECTMENT brought by *Marshall* to recover possession of
a quarter-section of land. *Shibley* claimed title as grantee of
plaintiff's assignee. The opinion contains a sufficient state-
ment of the facts. The case was tried at the March Term
1872, and judgment given for the defendant. Plaintiff
brings the case here for review.

*John Doniphan,* for plaintiff in error:

1. The court erred in not requiring defendant to show that
Williams had the authority from Marshall, and did make a
*bona fide* assignment for a legal object, and that the assignee
had complied with the law by giving bond, making an in-
ventory, having the land appraised, and such other acts as
were required by law. Unless bond was first executed the
assignment was void. (Comp. Laws of 1862, page 102, ch.
14, and p. 897, § 5; Gen. Stat. 1868, p. 94, ch. 6.) The
deed of assignment was in contravention of the power to
Williams. It did not specify the land to be taken by the as-

signee, and seems to have been lost, and no attention paid to this property for years after its execution. Besides, it appears beyond any controversy, from the testimony of Brumbaugh, that the understanding was that the deed was merely to cover up the property. Marshall's declarations show the deed of assignment was void for fraud. No attempt was made to show the deed was a valid instrument. This defendant was bound to take notice that the law had not been complied with. *Strause v. Drennan,* 41 Mo., 298.

2. It was error to permit defendant to read in evidence the record of the deed of assignment without accounting for its loss, and the record of schedules A and B, without any attempt to identify them, or account for the loss of the original.

3. The court erred in admitting the deed from Brumbaugh to Shibley, because of the want of power in Brumbaugh to make it. Marshall, who resided out of the state, disavowed the execution of the deed of assignment, and as nothing had been done under it until 1868, he was justified in supposing that the assignee had never claimed any power under it, or would ever attempt to exercise any authority by virtue thereof.

4. The court erred in permitting Brumbaugh to prove he gave a bond as assignee without first going to the proper depositories of the bond.

5. The court erred in refusing the instructions of plaintiff. They were proper declarations of law and applicable to the case.

*John Guthrie,* and *J. D. Brumbaugh,* for defendant in error:

1. There is evidence to show that a bond was given by the assignee the same day the deed of trust was given and approved by the probate judge, and the bond handed to the deputy register of deeds. But in case no bond was given Marshall is not in a situation to take advantage of it. His creditors are the only persons who could raise the question of the validity of the assignment in case no bond was given.

2. There was no error in allowing the record of the power

of attorney to Williams, and the record of the deed of trust to Brumbaugh, to be read in evidence, because Shibley first testified that the originals were nòt in his possession or under his control; (Code, § 372;) and plaintiff had full notice of the deed of assignment, as a copy of it with the schedules were attached to defendant's answer. (See also Laws of 1870, p. 174, §§ 11, 12.)

3. The power of attorney was full and broad enough to authorize Williams to make the deed of assignment, and the description of the land in the power of attorney was sufficient. *Clark v. Mix*, 15 Conn., 151; 2 Shep., 20; 4 Metc., 513.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment in the district court of Marshall county. The facts are these: Plaintiff was the patentee of the land. In 1862 he executed a power of attorney to a former partner, H. D. Williams, to sell and convey all his real estate in the state of Kansas, and "to convey or assign away any and all of his property either real or personal in said state, either in payment or to secure the payment of debts due or to become due." Under this power of attorney Williams in the same year made a deed of assignment to J. D. Brumbaugh for the benefit of creditors. In 1869 Brumbaugh, by virtue of the trust imposed by this deed of assignment, conveyed the lands in question to defendant. The power of attorney described no specific property but contained only the general words heretofore quoted. The deed of assignment in a schedule of property attached contained the property in question. The first and main question in the case is, whether the power of attorney authorized Williams to execute this deed of assignment, and thus transfer the title to this property to Brumbaugh. The fact that this property is not specifically described in the power of attorney can make no difference. Authority to sell any or all of plaintiff's land in the state, includes authority to sell any specific tract therein. So also is the assignment authorized by the power of attorney. The assignment conveys the prop-

erty to the assignee in trust to sell and apply the proceeds to the payment of debts. Now, the power of attorney expressly authorizes the attorney "to assign away" the property "either in payment or to secure the payment of debts." He did assign to secure the payment of debts; and we think the act was within his power.

Many other questions are presented and discussed in the briefs of counsel for plaintiff in error, but unfortunately the record is not in such a condition that we can consider most of them. It is insisted that the court erred in refusing a number of instructions asked by plaintiff. The record does not purport to contain all the instructions, and these may have been refused because already once given. *Pacific Rld. Co. v. Nash*, 7 Kas., 280; *Washington Life Ins. Co. v. Haney*, 10 Kas., 525.

It is insisted that the assignment was void because no bond is shown to have been given by the assignee. The statute only made an assignment void in such cases *as against creditors*. The assignor could not avoid his voluntary deed upon that ground. (Comp. Laws, p. 102, § 1.) But the assignee testified that he executed a bond which was approved by the probate judge, and as he thought given to the deputy register.

It is objected that a copy of the deed of assignment on the record of the register of deeds was admitted without proof of the loss or destruction of the original. But the defendant testified that the original was not in his possession, nor under his control; hence the record copy was admissible. Code, § 372. A good deal of testimony was admitted over the objection of the plaintiff; yet in no case was the ground of objection stated. Such an objection is too general to be available. *Walker v. Armstrong*, 2 Kas., 198. This we think covers all the questions made in the case, and no error appearing the judgment must be affirmed.

All the Justices concurring.