STEPHEN RHEINHART, *et al.*, v. THE STATE OF KANSAS.

1. PETITION; *Action on Forfeited Recognizance.* In a petition on a forfeited recognizance it is not necessary to insert a copy of the order of forfeiture, nor to allege that it was "duly made."

2. TESTIMONY; *Objections.* An objection to testimony which does not specify the ground of objection, is too general to be available.

3. ———— *Order of Presenting.* The order in which testimony is received upon the trial, is largely within the discretion of the trial court, and unless it appears that such discretion has been abused, is not ground for reversal.

4. OFFICERS DE FACTO; *Validity of Acts.* It is enough to sustain the proceedings of a justice of the peace and sheriff, in respect to the arrest, examination and bail of alleged offenders, so far as the question of their power to act is concerned, that they are officers *de facto.*

5. JUSTICE OF PEACE; *When he Holds over.* A justice of the peace holds his office until a successor is qualified, and if a party has once been elected and qualified, and at a subsequent election is re-elected but fails to qualify, he nevertheless remains a justice *de jure*, as well as *de facto*, until a successor is qualified.

*Error from Washington District Court.*

ACTION upon a forfeited recognizance, brought by the county attorney in the name of *The State.* The recognizance was executed June 16th 1873, by *Rheinhart* as principal, and *J. B. Snider* and *E. H. Prall* as sureties, to secure the personal appearance of *Rheinhart* at the then next term of the district court "to answer a charge of burglary and larceny." A demurrer to the petition was overruled, answer was filed,

and trial had at the December Term 1873. The defendants objected to the introduction of all the evidence offered. The commitment objected to did not commence, "*The State of Kansas* to the sheriff," etc. The words in italic were omitted, but in the body of the writ, after the recitals, it reads, "Now therefore, *in the name of the State of Kansas*, you are hereby commanded," etc. The district court made the following findings:

" 1st. That defendant Stephen Rheinhart was arrested on a charge of having committed the compound crime of burglary and larceny in a dwelling-house, on the 2d of April 1873, in Washington county, and brought before H. C. Sprengle, a justice of the peace, for preliminary examination, upon a warrant duly issued by said justice.

" 2d. That said Sprengle was a justice of the peace for said county, and had full authority to hold a preliminary examination in said cause.

" 3d. That said defendant was legally arrested under said warrant by one Martin Patrie, who was at the time a legally-appointed and constituted deputy-sheriff of said county.

" 4th. That on the 9th of June 1873 said Rheinhart had his preliminary examination on said charge before said justice, and was by said justice required to give bail in the sum of $1,000 for his appearance at the next term of the district court of said county to answer to said charge, and that said Rheinhart failed to comply with said requirement.

" 5th. That thereupon said justice issued a commitment directed to the sheriff of said county, commanding him to receive the said Rheinhart into his custody, in the jail of said county, there to remain until discharged by due course of law.

" 6th. That while said Rheinhart was in the legal custody of said sheriff, in pursuance of said order of commitment, said Rheinhart as principal, and the other defendants Snider and Prall as sureties, by their certain recognizance or writing obligatory of date of June 16th 1873, a copy of which is attached to the petition herein, which recognizance was executed and delivered by said defendants personally to and in the presence of said Martin Patrie, the legally-qualified and appointed deputy-sheriff of said Washington county, and was duly approved by said deputy-sheriff, acting on behalf of his principal the sheriff of said Washington county.

"7th. By reason of the giving and taking of said recognizance as aforesaid, the said Rheinhart was then and there discharged from custody.

"8th. That said recognizance was duly certified by the said sheriff to the clerk of said district court, and was by said clerk duly filed and recorded.

"9th. That at said next term of the district court said cause of The State of Kansas against the said Rheinhart came on for hearing, on the 4th of August 1873, and was duly called; and said Rheinhart being three times solemnly called came not, but wholly made default, and said recognizance was then and there by the said court declared forfeited, and the county attorney of said county was by the court ordered to institute legal proceedings on said recognizance, and that no part of said sum of money has been paid.

"The court finds as a conclusion of law, that said plaintiff is entitled to recover judgment against said defendants for the sum of one thousand dollars and costs."

Judgment in favor of *The State*, and the defendants bring the case here on error.

*J. G. Lowe*, for plaintiffs in error:

1. Section 118 of civil code plainly prescribes what shall constitute a good petition when the action is founded upon a "written instrument as evidence of indebtedness." The recognizance set out in the petition of itself does not constitute a "written instrument as evidence of indebtedness," upon which a party would be entitled to recover, any more than would the setting out of a promissory note without alleging a default in payment. Without the order of the court, declaring the recognizance forfeited, and ordering the county attorney to institute proceedings for the collection of the amount thereof, there could have been no action upon the recognizance. This order was a condition precedent, and became a part of the "written instrument as the foundation of the cause of action." It is as necessary to be set out in the pleadings as a part of the "written instrument" as the recognizance itself; for without it the written instrument, as evidence of indebtedness, is incomplete, and only in part set out. 1 Ohio, 423; 6 Ohio, 150; 2 Ohio St., 225.

2. Section 121, civil code, provides that "in pleading a judgment or other determination of a court or officer of special jurisdiction it shall be sufficient to state that such judgment or other determination *was duly given or made.*" And certainly as much would be required in pleading an order of a court of general jurisdiction. In vain we search the petition for this statutory requirement. It is clear the petition did not state such facts as would entitle the plaintiff to the relief demanded, and it was error of the court to overrule the demurrer.

3. It was error to admit as evidence on behalf of the plaintiff the order of commitment. Art. 3, § 17, of the constitution, says, "The style of all process shall be, '*The State* of Kansas.'" Said commitment was introduced for the purpose of showing that Rheinhart was in the legal custody of the officer to whom the order of commitment was directed. It was incompetent for that or any other purpose, inasmuch as it was irregular and not in accordance with the law. Before a man can be in the legal custody of an officer under an order of commitment, the process of commitment must be regular upon its face, and of such particular certainty as to enable the officer holding the person to enforce its mandates.

4. The bond and oath of office of the sheriff could cut no figure in the case, as his authority was not in question; and had it so been, the evidence would have been original, and not competent as rebutting testimony.

For the same reason the court erred in permitting to be read in evidence for the purpose of rebuttal the proceedings of the board of county commissioners and the bonds and oaths of office of Sprengle to show that he had been regularly elected and qualified as a justice of the peace for the years 1870 and 1871. The bonds were irregular in not being signed by the requisite number of sureties, nor approved as is required by law. Sec. 108 of the civil code requires that to raise an issue upon an "allegation of any appointment or authority" the answer shall be verified, otherwise the allegation will be taken as true. The verification of defendant's

answer raised the issue, and it became necessary for plaintiff to establish its case, before defendant could be required to offer any evidence. The verification of the answer destroyed plaintiff's *prima facie* case, and barred it from introducing as rebutting testimony what was necessary as original evidence. If plaintiff rested upon its supposed *prima facie* case, it was at its peril, and cannot be taken advantage of on rebuttal except for good cause shown, and then the evidence is put in part of the original case.

The opinion of the court was delivered by

BREWER, J.: This was an action on a forfeited recognizance, and the first question arises on the overruling of a demurrer to the petition. The petition alleged the arrest of the defendant Rheinhart, his examination before a justice, the order requiring him to give bail, his failure to do so, the commitment, the giving of the recognizance to the officer, its acceptance by him, and the consequent release of the defendant from custody, his failure to appear at the district court for trial, and the forfeiture. It also gave a copy of the recognizance. The specific objection is, that it does not contain a copy of the order of the court declaring a forfeiture, nor does it allege that such order was "duly made." Neither of these is necessary. Sec. 121 of the civil code, upon which the latter part of the objection is based, refers only to judgments and orders of courts and officers of special jurisdiction, and has no application to the orders and judgments of the district court, which is a court of general jurisdiction. Nor is the forfeiture in any sense "a part of the written instrument which is the foundation of the cause of action." The recognizance is a separate and complete instrument. The forfeiture is an independent matter, and the evidence that the condition of the recognizance has been broken. It may be necessary to establish a liability on the recognizance, as demand is necessary to establish a liability on a note payable on demand; but it is no part of the instrument. The demurrer was properly overruled.

The answer contained a general denial, and also a special denial under oath that the justice before whom the preliminary examination was had, and the deputy-sheriff who took and approved the recognizance, were legal officers. Upon the trial certain testimony was admitted over the objection of the plaintiff in error, defendant below. To most of the testimony thus admitted, no specific ground of objection was raised. Under those circumstances error cannot be affirmed: *Walker v. Armstrong,* 2 Kas., 199; *Wilson v. Fuller,* 9 Kas., 176; *Luke v. Johnnycake,* 9 Kas., 511; *Marshall v. Shibley,* 11 Kas., 114. Other testimony was objected to on the ground that being part of the original case it was admitted in rebuttal, and also because it was received after the testimony had once been closed. These are matters largely within the discretion of the trial court, and unless it is apparent such discretion has been abused are not grounds for reversal. There is here no evidence of any abuse. (Laws of 1872, p. 329, § 1.) These cover all the matters of evidence noticed by counsel for plaintiff in error in his brief.

It may also be said that the motion for a new trial is based solely upon the ground that the findings of fact are not supported by the testimony, and that the conclusions of law are contrary to law. Under these circumstances it is apparent that the rulings of the court in the admission of evidence must be taken to be correct. Notwithstanding this we have carefully examined the testimony, and see no error in the admission of evidence. As to the finding of the court that the justice and deputy-sheriff were legal officers, it is abundantly sustained by the testimony. As to the justice, it appeared that he was elected and qualified in 1870, and had continued to act without objection ever since. It appeared also that he was re-elected in 1871 and again in 1873. The bond filed at this last election does not appear on the face of it to have been approved. Still, under his prior election he held until his successor was qualified, (Const., art. 3, § 12,) and hence was still a justice *de jure* as well as *de facto.* As to the deputy-sheriff, it appeared that this was during the

second-term of the sheriff, that the written appointment of the deputy was made and filed at the commencement of the first term, and no other was on file in the office of the county clerk, though the deputy-sheriff testified that at the commencement of the second term he received a written appointment and filed it in the county clerk's office; but it also appeared that this party had been regularly acting as deputy-sheriff during both the first and the second term. Under those circumstances it is evident that he was at least an officer *de facto*, and as such his acts were binding.

We see no error in the proceedings, and the judgment must be affirmed.

All the Justices concurring.