## C. H. & L. J. McCORMICK v. L. H. ROBERTS.

RESCISSION OF CONTRACT; *Damages; Erroneous Charge.* In an action brought to recover upon several promissory notes executed by the defendant for the purchase of a harvester and self-binder, the answer, as construed by the defendant and the court, was for a rescission of the contract, and the damages which the defendant was entitled to recover thereunder. Upon the trial, all the evidence of the defendant, excepting that tending to show a rescission of the contract for the purchase of the harvester and self-binder, and the consideration given therefor, was

received over the objection of the plaintiffs. In directing the jury, the court charged that no rescission or repudiation of the contract had been shown, but that the defendant was entitled to recover damages from the vendors for a breach of their warranty, if a warranty had been established, and a breach thereof had been proved. *Held,* Under the circumstances, the charge to the jury was erroneous, misleading, and prejudicial.

### Error from McPherson District Court.

ACTION by *C. H. & L. J. McCormick* against *L. H. Roberts,* on certain promissory notes. Trial at the April Term, 1883, and judgment for defendant. The plaintiffs bring the case here. The opinion states the facts.

*H. Whiteside, R. A. Campbell,* and *D. P. Lindsey,* for plaintiffs in error.

*Barker & Pancoast,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced by the plaintiffs against the defendant to recover on five promissory notes, aggregating, with interest, $450. The facts are, that on June 4, 1878, the defendant purchased of the plaintiffs a harvester and self-binder, and executed on that date the notes sued on. The amended answer, which was filed on the day the cause came on for trial, alleged that the self-binding harvester was manufactured by the plaintiffs for the purpose of cutting and harvesting grain; that said harvester was purchased for cutting and harvesting grain, which was known to the plaintiffs at the time; that the plaintiffs warranted the harvester to be made of good material, well constructed, and to do good work; that the harvester was not made of good material; that it was not well constructed, and would not do good work, but on the other hand, was wholly incapable and unfit as a harvester for harvesting grain, and entirely useless to the defendant; that after the defendant failed to make the harvester work and after using all his skill and knowledge in trying to repair the same, and failing in that respect, he notified the plaintiffs thereof and offered to return the harvester to them; that he had ever since

been ready to deliver the harvester to the plaintiffs when and wherever they would receive it.

The answer also alleged, that on account of the harvester failing to work as warranted, the defendant was obliged to pay out $200 for harvesting the grain for which the harvester was purchased and expected to be used; that he lost about $200 of wheat that went to waste; and that thereby he was damaged in the sum of $400. The answer prayed that the notes sued on be adjudged null and void, and that the defendant recover the sum of $400 as his damages.

Upon the filing of the amended answer, the plaintiffs moved the court to order the defendant to elect which of the two defenses stated in the second count of his answer he would stand upon, for the reason that the defenses were repugnant to and inconsistent with each other; and also moved the court that the defendant be required to expunge the defense in said count not elected, as prejudicial and redundant; and further moved the court that in case it was held the defendant was not bound to elect and expunge, that then the court should order the defendant to separately state and number the defenses set out in the second count of the answer. After these several motions were argued and considered, the court called upon the defendant's counsel to construe the answer, and the counsel then construed it as containing only the defense of "the rescission of the contract for breach of warranty for the sale and purchase of the machine, and such damages as they might recover thereunder;" whereupon the court announced it would hold the defendant to this construction, and then overruled the plaintiffs' motion, to all of which the plaintiffs duly excepted. The plaintiffs also moved the court that the defendant be required to rewrite and refile his answer as construed, which motion was overruled, and plaintiffs duly excepted.

Upon the trial, all the evidence of the defendant, excepting that tending to show a rescission of the contract for the purchase of the harvester and self-binder, and the consideration

given therefor, was received over the objection of the plaintiffs.

In the charge to the jury, the court used the following language:

"The rule of law is, when a thing is sold with a warranty, and that warranty is not true, the purchaser must, in a reasonable time after he so discovers the defect, either offer to return the thing and recover back the price paid, or he may keep the thing and recover damages for the false warranty. In this case, I say to you, there being no showing sufficient to make it appear that the defendant returned, or offered to return, the machine, or notified the plaintiffs that the contract was rescinded, in a reasonable time, he must be required to keep the machine. Hence, I have told you that you should charge him for what it is worth."

The court also charged the jury as to the damages the defendant was entitled to recover if the plaintiffs warranted the machine and a breach of the warranty had been proved. The jury found for the defendant, and assessed his damages at $72.50.

The proceedings of the court were not irregular, but were erroneous in that they were liable to and evidently did mislead the plaintiffs. The answer was not precise or clear in its allegations. As understood by the plaintiffs, it seemed to set forth a rescission of contract, and also asked damages for a breach of the warranty. When the plaintiffs moved the court for the defendant to elect upon which defense he would stand, the court should then have passed upon the answer without requiring the defendant to state his construction thereof. If the answer was indefinite or uncertain, or inconsistent, the court should have required it to be amended. The construction given to the answer by the defendant and the action of the court in announcing that it would hold the defendant to the construction so given, tended to inform the plaintiffs that the amended answer was limited and qualified by such construction, and therefore the plaintiffs had the right to suppose and rely upon the fact that the defense was a rescission of the contract on account of the breach of warranty, and such damages

as the defendant might recover after the repudiation of the contract.

"It is a general proposition, that on a sale of a personal chattel with a warranty, in case the chattel turns out not to be of the kind or quality represented, the purchaser may have one of two remedies. He may rescind the contract and return the property. The effect of such action is to place the parties in the same condition as they were before the purchase; and whatever has been paid or delivered by either is to be returned, and it or its value may be recovered in an action therefor. This is one remedy. The other is, that the purchaser may affirm the contract, retain the property, and recover damages from the vendor for a breach of his warranty. These are the two and the only two remedies that the purchaser has under the circumstances. He may not set aside an express contract and have the courts create a new and implied one. He must either rest on the contract as made, or rescind and repudiate it." ( *Weybrich & Co. v. Harris*, 31 Kas. 93, 94.)

In the case at bar, under the evidence, the purchaser retained the machine and used it during a part of two seasons. The court instructed the jury that the defendant had abandoned his remedy by rescission of the contract, and was only entitled to recover damages from the vendors for the breach of their warranty.

Now the answer, as construed by the defendant, set up the defense of rescission only with such damages as he was entitled to recover thereunder. The answer, as construed, allowed only proof of rescission of the contract, and the damages therefor; yet the jury were directed upon another and entirely different theory of the case. The court ignored the answer of the defendant, as construed, and charged the jury that the defendant claimed a warranty, a breach thereof, and damages by reason of the same. A defendant cannot plead one defense, and then, without amending his answer, succeed upon another and different defense. The error of the court in the disposition of the case was erroneous, misleading, and prejudicial.

There were also other errors occurring upon the trial, but we need not comment thereon, as a new trial is to be had, and it is very likely that these will be avoided. It is best, how-

ever, to say that if the defendant relies upon a written or printed warranty, no oral evidence of it is permissible, unless the warranty is lost, or the plaintiff refuse to give to the defendant an inspection or copy thereof, upon demand, as provided for in § 368 of the code.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

VALENTINE, J., concurring.

HURD, J., not sitting in the case.