## JOHNSON HARRIS v. E. M. HARPER.

LEASE, *Not Within the Statute of Frauds.* Where the lessee signed and the lessor accepted a written lease, which was subsequently carried into execution by both parties, it will be considered as a binding obligation, and not within the statute of frauds.

*Error from Lyon District Court.*

THE opinion states the facts.

*Cunningham & McCarty,* for plaintiff in error.

*J. Jay Buck,* for defendant in error.

Opinion by GREEN, C.: This was an action for the forcible detainer of a farm in Lyon county, brought by E. M. Harper against Johnson Harris. Some time in the fall of 1887 the parties agreed upon the terms of a lease of the farm in question to March 1, 1889. On the 22d day of February, 1888, Harris signed a written lease for the premises and gave it to Mrs. Harper for her signature. She did not sign the lease, but retained it in her possession, and Harris had no knowledge or

notice that the lease was not signed by her until the 12th day of December, 1888.   In the latter part of August or the fore part of September of the same year, there were negotiations pending between the parties looking to the leasing of the farm for another year, from March 1, 1889, Harris being under the impression that the lease had been signed by both parties. The leasing for another year was not consummated, and Harris sent word to Mrs. Harper, some time in September, 1888, that he would not take the place for another year.   On the 19th day of December, Mrs. Harper gave notice to Harris to vacate the leased premises on the 28th day of February, 1889, and on the 19th of March following gave the three-days' notice to vacate, under the forcible entry and detainer act.   The case was originally commenced before a justice of the peace, tried there, and appealed to the district court, where it was again tried, and resulted in a verdict and judgment against Harris, who brings the case here.

It is first contended by the plaintiff in error that the original leasing was oral, and for more than a year, and was therefore void under the statute of frauds; that the holding thereunder by the lessee, as a matter of law, became and was a leasing from year to year; that no proper notice was given to terminate the tenancy, as was required by §§ 5 and 6 of the act in relation to landlords and tenants, being ¶¶ 3613 and 3614 of the General Statutes of 1889; that the real question in the case is, whether or not the plaintiff in error waived such notice by sending to the defendant in error word that he would not take the place for another year.   It is urged that there was not sufficient evidence to establish the fact of a waiver or an estoppel upon him to deny that he ever had notice.

We do not agree with counsel that the lease was void. The plaintiff in error had himself signed the contract, and each party had acted under it.   He had gone into possession of the farm, and must have cultivated it for one season, and then commenced negotiating for the occupancy of it for another year.   No question was raised by either party as to the

respective rights of each under the lease. It was recognized by the lessor and the lessee. So far as we know, each party had fully performed all of the conditions of the lease. The jury found specially that, up to December 12, 1888, both parties regarded the writing of February 22, 1888, as their valid lease, and that they had acted under it. This, in our opinion, withdrew the lease wholly from the operation of the statute of frauds. We do not think that the signing of the lease by Mrs. Harper was essential to make it valid, under all of the facts of this case. The plaintiff in error signed the same, and she accepted it. This made it a contract in writing, and bound the parties after they had acted under it.

"The acceptance of a deed makes it a contract in writing, binding upon the grantee, just as the acceptance by a lessee of a lease in writing, signed by only the lessor, makes it a written contract, binding upon the lessee; and a suit can be instituted upon it, and the same rights maintained, as though it were also signed by the grantee." ( *Schmucker v. Sibert,* 18 Kas. 111.)

This case is much stronger than the one just cited. The plaintiff in error signed the lease, and it was accepted and adopted by the lessor, and thus became a binding obligation upon both parties. The view that we take of the tenancy of the plaintiff in error to the premises in question renders it unnecessary to consider any other assignments of error. Holding, as we do, that the lease was operative and binding, no notice to quit was necessary, and it was, therefore, immaterial whether or not there was a waiver of a notice to terminate the tenancy upon the part of the plaintiff in error.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.