GEORGE K. BARHYTE *et al.* v. THE NEW HAMPSHIRE
REAL-ESTATE COMPANY.

**No. 12,981.**    (71 Pac. 837.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Assignment of Lease—Exemptions.*
When a tenant occupying premises under a written lease, con-
taining a waiver of the benefit of statutory exemptions for the
payment of rent, with the knowledge and consent of his landlord,
sells and assigns his unexpired term to another, who receives the
written lease, enters into possession thereunder, and pays rent in
accordance with its terms for many months, the lease becomes a
contract in writing between the landlord and the assignee of the
unexpired term, and will operate as a waiver, in writing, of the
benefit of exemptions for the payment of rent on the part of the
assignee, under section 3874, General Statutes of 1901.

Error from Saline district court; R. F. THOMPSON,
judge.    Opinion filed March 7, 1903.    Affirmed.

*David Ritchie*, for plaintiffs in error.

*C. W. Burch*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: The New Hampshire Real-estate
Company, the owner of the Wittman hotel, in the city
of Salina, by the terms of a written lease let said hotel
property to W. H. and Hattie Carpenter for the term
of one year, commencing on the 1st day of March,
1900, and ending March 1, 1901, at a monthly rental
of sixty dollars, payable in advance.    This lease con-
tained the following provision :

"The said parties of the second part hereby ex-
pressly waive the benefit of all the exemption laws of
the state of Kansas relating to personal property for
the payment of said rent."

About the 1st day of July, 1900, the Carpenters,

with the consent of their landlord, sold the furniture in the hotel and their rights under the lease for the unexpired term to plaintiff in error George K. Barhyte, and delivered to him the written lease.  He entered into possession under the terms of the written lease and continued in possession thereunder until the date of the commencement of this action.  There was no transfer of the lease in writing. . On the 22d day of October, 1901, the real-estate company commenced this action against Barhyte and wife to recover unpaid rent for the months from May to October, 1901, inclusive, and caused the personal property of defendants in the hotel to be attached.  The defendants filed their motion to dissolve the attachment and discharge the property from the levy thereof, as exempt from attachment.  This motion was overruled.  Defendants bring error.

There is but one question in the case for our determination.  Did Barhyte, by his purchase of the unexpired term of the Carpenters, his acceptance of the lease from them, and his entry into, and continued possession of, the leased premises, all with the knowledge and consent of the plaintiff as lessor, and his payment of rent in advance, in accordance with the terms of the lease, until May, 1901, waive his right to claim the benefit of his statutory exemptions as against the claim of plaintiff for rents?  Counsel for plaintiff in error contend that he did not, on account of the provisions of section 3874, General Statutes of 1901, which reads :

"A tenant may waive, in writing, the benefit of the exemption laws of this state for all debts contracted for rents."

It is apparent that the decision of this controversy must depend for its solution on the legal effect of the

transaction between plaintiff below, as lessor, and Barhyte, as assignee of the lessees named in the lease, for, if the acceptance of the lease and his entry and continued possession thereunder, and compliance with its terms in the payment of rent until May, 1901, made the lease his lease, then, as it contains a clause by which the tenant waives the benefit of his legal exemptions for the payment of rent, such waiver being in writing, it becomes binding on him, and operates, under the statute, as a waiver of his exemptions; otherwise not.    While no adjudicated case or authority precisely in point is found, we think former decisions of this court, in principle, determinative of the question.    Mr. Justice Brewer, speaking for the court, in *Schmucker v. Sibert*, 18 Kan. 104, 112, 26 Am. Rep. 765, in considering the effect of the acceptance of a deed in which was contained a clause assuming payment of an encumbrance on the premises conveyed, said:

"The acceptance of the deed makes it a contract in writing binding upon the grantee, just as the acceptance by a lessee of a lease in writing signed by only the lessor makes it a written contract binding upon such lessee; and suit can be instituted upon it, and the same rights maintained, as though it were also signed by the grantee."

Following that case, this court, in *Harris v. Harper*, 48 Kan. 418, 29 Pac. 697, held:

"Where the lessee signed and the lessor accepted a written lease, which was subsequently carried into execution by both parties, it will be considered as a binding obligation, and not within the statute of frauds."

The lease in controversy in this case was signed by the lessor.    It was accepted by Barhyte from the original lessees, with the knowledge and consent of

the lessor.  Possession was taken thereunder by Barhyte and rent paid for many months in compliance with its terms and conditions.  It thus became in law a contract in writing between the parties, waiving the benefit of the statutory exemptions of Barhyte for the payment of rents accruing thereunder.

The ruling of the trial court, in refusing to dissolve the attachment and discharge the personal property seized from the levy thereof, was right and must be affirmed.

All the Justices concurring.

BURCH, J., not sitting, having been of counsel. ·