WILLIAM WENDELL, *Appellee,* v. JOHN G. HEIM,
*Appellant.*

No. 17,623.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Public Records—Highway—Easement.* The pro-
visions of section 369 of the civil code authorizing the admis-
sion in evidence of the record of an instrument properly re-
corded in any public office, without preliminary proof that the
original is not in possession or under the control of the party
desiring to use it, furnishes the rule for the admission of such
testimony, notwithstanding the provisions of section 1678 of
the General Statutes of 1909, relating to conveyances, which
authorized the admission of such secondary evidence upon
proof of the loss or destruction of the original instrument.

2. CONVEYANCE—*Reservation of Easement.* A right of way may
be acquired by reservation in a conveyance of part of a tract
for the benefit of the part not conveyed, and may pass by a
conveyance of the latter, as an appurtenance.

Appeal from Leavenworth district court. Opinion
filed May 11, 1912. Affirmed.

Wendell v. Heim.

*A. E. Dempsey,* for the appellant.

*Floyd E. Harper,* for the appellee.

The opinion of the court was delivered by

Benson, J.: This action was to prevent the obstruction of a private way. In the year 1902, Chris Ehart owned a tract of land consisting of several contiguous subdivisions, but in different sections. On the 8th of April of that year he conveyed to the appellant, Heim, fifty acres of this land, consisting of adjoining tracts, one of thirty acres and another of twenty acres. The conveyance contained this reservation:

"Reserving a right-of-way across the north side of the last described piece of land to drive to and from the public road, but not to occupy or fence."

The land referred to in the reservation was the east half of a forty-acre tract. A public road extended along the east side of it and the way reserved across the north end led from other lands of Ehart to this road. In September, 1902, Ehart conveyed the remainder of his lands to the appellee, Wendell, who thereafter used this way in traveling from the lands so purchased to this public road as his grantor had previously done, but after some difficulty arose between the parties concerning its use, the appellant notified the appellee that he must cease using it. Thereupon this action was commenced to prevent obstruction of the way.

At the time and long before the conveyance to appellant the grantor traveled over this way, a gate being placed at each end. This use had been observed by the appellant for many years, was well known to him when he received his deed, and was continued afterwards without objection until the conveyance to the appellee, who thereupon used it as his grantor had done in traveling between the public road and the lands so conveyed to him until he received the notice to desist. The appellee claims the right to the way, as it was used

and reserved by the common grantor, as an appurtenance to his land.

This claim must be sustained under the facts of this case. Such an easement may be acquired by reservation in a conveyance of part of a tract for the benefit of the part not conveyed, and will pass by a conveyance of the latter as an appurtenance. (Washburn on Easements and Servitudes, 4th ed., pp. 34-37; *Karmuller v. Krotz,* 18 Iowa, 352; *Shields v. Titus,* 46 Ohio St. 528.)

On the trial the appellee offered the record of appellant's conveyance from Ehart without any preliminary proof that the deed was not in his possession or under his control. The record was admitted in evidence over an objection based on the ground that preliminary proof of the loss or destruction of the original instrument should first be given. This ruling is assigned as error, citing section 1678 of the General Statutes of 1909. Before the legislative session of 1905, section 372 of the civil code then in force (Gen. Stat. 1901, § 4820) provided that certified copies of papers properly recorded in a public office might be received in evidence when the original was not in the possession or under the control of the party desiring to use the same. This provision was held applicable to conveyances and instruments affecting real estate in *Marshall v. Shirley,* 11 Kan. 114, and in many cases since. This section was amended in 1905 (Laws 1905, ch. 323, § 1), by providing that certified copies and the record of such instruments may be received in evidence without proof that the original is not in the possession or under the control of the party desiring to use it. This provision is continued in force by section 369 of the present civil code and furnishes the rule governing such evidence. But even under the code as it existed before the amendment the admission of this record would not be ground of reversal, since the fact and terms of the reservation are not disputed, and it is not claimed that the original instrument would show any-

thing different from the record. Reversal will not be ordered for technical errors that do not appear to have prejudicially affected substantial rights. (Civ. Code, § 581.) It would be judicial folly to order a new trial because secondary evidence was received, if the primary evidence, when produced, will prove the same fact.

An objection was made because all of the record was not read to the jury. The names of parties, the date, the reservation, and all parts apparently affecting the issue were read and the entire record was produced and offered in evidence. It is not suggested that anything material was omitted, but if it was the appellant should have called attention to it. (*The State v. Bowman*, 80 Kan. 473, 103 Pac. 84.)

Complaint is made that the judgment enlarged the reservation beyond that contained in the deed, but we do not so interpret its effect. By the deed the way was reserved across the north side of the twenty-acre tract. If thought to be necessary a request ought to have been made to make the judgment more definite and if the appellant desires it, the district court will, upon proper application, specify the particular route.

The judgment is affirmed.