No. 21,182.

ROSE E. JONES, *Appellee,* v. THE CITIZENS STATE BANK, *Appellant.*

### SYLLABUS BY THE COURT.

1. ACTION—*On Certificate of Deposit—Oral Promise Set up in Defense—Within Statute of Frauds.* In an action against a bank to recover upon a certificate of deposit, testimony of oral promises alleged to have been made to the bank by plaintiff authorizing the money represented by the certificate to be held as collaterial security for promissory notes given to the bank by her husband and others is held incompetent under the statute of frauds.

2. SAME—*Provisions of Statute of Frauds—Apply to Claims Set up by Defendant.* The provision of the statute of frauds which prohibits the bringing of an action upon a promise to answer for the debt, default or miscarriage of another, unless in writing, applies with equal force to a defendant; and a verbal contract which is within the statute cannot be enforced indirectly as a defense to a demand otherwise legal and just.

3. SAME—The fact that plaintiff was a stockholder in the corporation to which the bank loaned the money represented by the notes did not make her liable upon the notes, nor constitute a defense to her action upon the certificate of deposit.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed July 6, 1918. Affirmed.

*D. J. Sheedy,* and *J. L. Stryker,* both of Fredonia, for the appellant.

*James M. Kennedy,* and *W. H. Edmundson,* both of Fredonia, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued upon a certificate of deposit for $2,000, issued by the bank, dated October 28, 1912. As a defense the bank claimed the right to credit the certificate with the amount of two notes, one for $280 executed by the Jones-Boltz Manufacturing Company for money borrowed from the bank four months before the certificate was issued, and the other a note for $881.67 given by the same company for money borrowed two months after the date of the certificate. Mrs. Jones had recovered a judgment against a railway company for $8,000 on account of personal injuries, and her attorney, who lived in another county, had a draft payable to his order and hers. The president of the bank, at plaintiff's request, went to the attorney's office, gave his personal check to the attorney for the latter's share, and brought the plaintiff's share to her at her residence. He testified that she was sick and confined to her house, and that when he asked her what the bank should do with the money, she said she could n't take care of it, but that her husband would see to that, and whatever he did would be satisfactory. Soon after this conversation the husband took the money to the bank, and two certificates were issued, each for $2,000, payable to plaintiff's order. At the same time $500 was placed to her credit in a general account. Her husband was allowed to check on the general account until March, 1913, when plaintiff gave the bank written notice not to cash any further checks drawn by him. One of the certificates had been paid in full, but when the second was presented for payment the bank paid $300 and refused further payment until the notes had been satisfied. Plaintiff's husband, Sam Jones, was an officer and stockholder in the Jones-Boltz Manufacturing Company. The defendant offered the testimony of its president and another officer of the bank to the effect that when Jones came to borrow the $881 for the manufacturing company, the bank first declined to loan the money to the company; that Jones told the bank if it would make the loan, his wife's money on deposit could be held as security for the company's note; that, relying on these statements, the bank made the loan evidenced by the second note for $881, which was signed by the officers of the Jones-Boltz company and some other stock-

holders and officers as sureties; that subsequently Sam Jones informed the officers of the bank that the $2,000 certificate might be retained by the bank as security for the payment of both of the company's notes. As a further defense the bank offered evidence to show that the plaintiff was a large stockholder in the Jones-Boltz company. The court struck out the defendant's testimony and instructed a verdict in plaintiff's favor. The bank brings the case here for review.

The testimony of what was said and the conduct of the plaintiff showed authority for the bank to cash checks drawn by her husband on her checking account up until the time she notified the bank to the contrary; but it requires some stretch of imagination to find the slightest basis for any authority to pledge the moneys represented by her certificates of deposit as security for the notes of the manufacturing company. Aside from this, the promise relied upon, even if shown to have been made by the plaintiff, was oral, and the sixth section of the statute of frauds (Gen. Stat. 1915, § 4889) prohibits the bank from relying upon such a promise. There is no merit in the contention that the statute of frauds applies only to the plaintiff in an action. While the statute reads—

"No action shall be brought whereby to charge a party upon any special promise to answer for the debt, default or miscarriage of another person; . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing. . . ."

it applies with equal force to a defendant who sets up his claim by way of answer or cross petition.

"According to the weight of authority, a verbal contract within the statute of frauds cannot be enforced indirectly as a defense to a demand otherwise legal and just." (29 A. & E. Encycl. of L. 822, and cases cited in note 3.) (A few authorities to the contrary are cited in note 6.)

(See, also, *Reinheimer v. Carter*, 31 Ohio St. 579; *Eberville v. Leadville T. M. & D. Co.*, 28 Colo. 241, and *Case v. Barber*, T. Raym. 450.)

In *Case v. Barber*, supra, it was said:

"When the defendant pleads such an agreement in bar, he must plead it so as it may appear to the court, that an action will lie upon it, for he shall not take away the plaintiff's present action, and not give him another upon the agreement pleaded." (p. 451.)

The fact that the plaintiff was a stockholder in the corporation did not make her liable for its debts in an action of this kind upon a claim of the bank which had not been reduced to judgment. The trial court properly held that the defendant's evidence was incompetent under the statute of frauds.

The judgment is affirmed.