No. 39,319

JOHN G. DEMARAS, *Appellant*, v. KATE SMITH, WALTER SMITH, MAE GRIFFIN, also known as MARY GRIFFIN, *Appellees*.

(271 P. 2d 764)

Opinion filed June 12, 1954.

*Gwinn G. Shell*, of Garnett, argued the cause and was on the briefs for the appellant.

*Wayne Loughridge*, of Garnett, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover judgment on an alleged debt. The trial court found the indebtedness existed but was not due and on that account denied recovery. The plaintiff appeals from such judgment.

No questions are raised respecting the pleadings and references thereto are for informative purposes.

The action was commenced on April 8, 1953, by the filing of a petition which was subsequently amended to comply with a ruling on a motion to make its allegations more definite and certain. The amended petition alleges in substance that on May 6, 1952, plaintiff loaned the defendants Kate Smith, Walter Smith and Mae Griffin the sum of $1,100 and that such defendants agreed orally to repay the loan in equal monthly payments, commencing June 1, 1952; that four days later one of the defendants, whose name was unknown to plaintiff, repaid $50 of the indebtedness by paying that amount to the Garnett State Savings Bank with directions to deposit it to

his account; and that thereafter the defendants failed and refused to make any further payments "on said note" with the result it had become due and payable.

Following service of summons the defendants Kate and Walter Smith filed an answer wherein they admitted plaintiff had loaned them the sum of $1,100 but asserted that on May 6, 1952, to secure the payment of such loan all defendants named in the action made, executed and delivered their promissory note in writing to plaintiff, by the terms of which they agreed to pay him the principal sum of $1,100 in three years, without interest, and reserved the privilege of paying such principal at any time. The answering defendants then asserted that the note, which they had attached to and by reference made a part of their pleading, was the sole and only contract existing between the parties and asked for judgment denying plaintiff the relief sought in his petition.

In response to the foregoing answer plaintiff filed an unverified reply in which he denied any and all allegations controverting the claims made by him in his amended petition.

It will clarify the issues at this point to note the defendant Mae Griffin was not served with summons, that she filed no answer and that her rights and obligations were not determined by the judgment and are not involved on appellate review.

After issues had been joined as related the case came on for trial by the court which, after hearing all evidence adduced by the parties, made findings of fact and conclusions of law as follows:

"FINDINGS OF FACT

"1. On May 6, 1952, the plaintiff loaned the defendants the sum of $1,100.00.

"2. That at the time of making said loan and in consideration thereof, defendants executed and delivered to plaintiff a promissory note in the following form:

"'$1,100.00                            Garnett, Kansas
                                       May 6, 1952.

Three years after date, we, the undersigned, for value received, promise to pay to the order of
          JOHN G. DEMARAS, Kansas City, Missouri,
the sum of one thousand one hundred and no/100 Dollars ($1,100.00) the same to bear no interest. Notice of Protest is hereby waived. Privilege is hereby granted to the makers to pay the above amount at any time they desire.'

"3. That said note was left with Mr. Loughridge by the plaintiff.

"4. That there was no showing that the terms of the note were subsequently altered either by parole (sic) or in writing.

"5. That on June 5, 1952, Mary Griffin deposited in the Garnett Savings Bank at Garnett, Kansas, to the credit of John G. Demaras, the sum of $50.00.

### "CONCLUSIONS OF LAW.

"1. That whatever oral conversations were had were merged into the promissory note which, having not been subsequently altered, constitutes the contract between the plaintiff and the defendants Kate Smith and Walter Smith.

"2. That defendants Kate Smith and Walter Smith are indebted to plaintiff on said note in the amount of $1,100.00 which is not due.

"3. Judgment is entered for defendants Kate Smith and Walter Smith and for the costs of this action."

In accord with the foregoing findings and conclusions judgment was rendered in favor of the defendants appearing in the action for costs and holding that the rights and obligations of the defendant Mae Griffin were not determined because she had not been served with summons. Subsequently the involved defendants filed a motion for an order setting aside conclusion of law No. 2. This motion was sustained to the extent such conclusion was amended to read $1,050 instead of $1,100. Also subsequent to the judgment, plaintiff filed motions for substituted findings of fact and conclusions of law and for a new trial. When these motions were overruled he perfected the instant appeal.

Appellant's specifications of error are all based on alleged trial errors. Therefore appellate review is limited and will be restricted to questions pertaining to whether error was committed in the overruling of the motion for new trial.

At the outset it may be stated the record discloses, and for that matter counsel for appellant with commendable candor concedes that unless claims of error assigned as grounds for disturbing the ruling on the motion for new trial are sustained, there was evidence to support the findings of the trial court, its conclusions of law, and the judgment rendered in accord therewith.

The first point raised by appellant is that the trial court's action in admitting in evidence the copy of the note relied on by appellees as a defense to the action was in violation of G. S. 1949, 60-2850 and 60-2851, prohibiting the introduction of secondary evidence without laying the foundation contemplated by such sections of the statute. Conceding, as appellant insists, that such sections contemplate, and decisions (See *McCormick v. Roberts,* 32 Kan. 68, 72, 3 Pac. 753; *Roberts v. Dixon,* 50 Kan. 436, 31 Pac. 1083) may be

found holding, that before secondary evidence can be received a party must in general show the loss or destruction of the original, or that he has used reasonable efforts and the means which were accessible to him to find the writing or cause its production; and, if it appears to be in the hands of the adverse party, notice to produce the original is necessary in order to lay a foundation for the introduction of such evidence, there are several sound reasons why such rule has no application in the case at bar. In the first place it does not appear that the copy of the note when offered in evidence was objected to on the ground no proper foundation had been laid for the admission of secondary evidence. In that situation such an objection comes too late when first made on appellate review. In the next place G. S. 1949, 60-2851, expressly provides its terms do not apply to any paper, a copy of which is filed with a pleading. Here, as has been heretofore pointed out, a copy of the note relied on as a defense to appellant's cause of action was attached to and made a part of appellees' answer. Last but not least where—as here—it affirmatively appears from the face of the record that the primary evidence, when produced, would prove to be the same as the secondary evidence admitted, it cannot be successfully argued that the admission of such secondary evidence has prejudicially affected the substantial rights of the party complaining thereof for, under such circumstances, our statute (G. S. 1949, 60-3317) directs and our decisions hold that error if any in the admission of such secondary evidence must be disregarded as technical and affords no sound ground for granting a motion for new trial or reversal of the judgment. See, e. g., *Wendell v. Heim*, 87 Kan. 136, 123 Pac. 869, where it is said:

". . . But even under the code as it existed before the amendment the admission of this record would not be ground of reversal, since the fact and terms of the reservation are not disputed, and it is not claimed that the original instrument would show anything different from the record. Reversal will not be ordered for technical errors that do not appear to have prejudicially affected substantial rights. (Civ. Code, § 581.) It would be judicial folly to order a new trial because secondary evidence was received, if the primary evidence, when produced, will prove the same fact." (pp. 138, 139.)

Appellant's second assignment of error is "that no evidence of the agreement, as alleged by the defendants, should have been introduced because it was contrary to G. S. 1949, 33-106." Specifically the gist of all arguments advanced in support of his position on this point is that appellant did not sign the note relied on as a defense

and since that agreement provided for repayment beyond a year it was therefore unenforceable under and by virtue of one of the sections of our statute of frauds, namely, G. S. 1949, 33-106, providing in substance that no action shall be brought to charge a party upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith.

In support of the foregoing claim of error appellant directs our attention to *Jones v. Bank*, 103 Kan. 297, 173 Pac. 977, which holds:

"The provision of the statute of frauds which prohibits the bringing of an action upon a promise to answer for the debt, default or miscarriage of another, unless in writing, applies with equal force to a defendant; and a verbal contract which is within the statute cannot be enforced indirectly as a defense to a demand otherwise legal and just." (Syl. ¶ 2.)

We have no quarrel with the rule just quoted. The difficulty from appellant's standpoint is that it does not come into play unless and until it is determined his failure to sign the note makes that instrument, particularly the provisions thereof providing for payment of the principal, unenforceable by reason of the statute of frauds (33-106, *supra*). We therefore turn to that question, mindful as we do so, that to uphold appellant's views with respect thereto would require repudiation of the sound and salutary rule, long prevailing in this jurisdiction (See, e. g., *Trust Co. v. Danforth*, 103 Kan. 860, 177 Pac. 357; *Macksville State Bank v. Ehrlich*, 119 Kan. 796, 802, 241 Pac. 462; *Hudson State Bank v. Haile*, 130 Kan. 322, 286 Pac. 228), that a promissory note in the usual form, when executed by the maker and delivered to and accepted by the payee, cannot be contradicted or altered by a showing of prior contemporaneous oral agreements because the result would be to render unsafe all reliance on such instruments. For more recent decisions disclosing the rule is applicable not only to promissory notes but to all written contracts, whether negotiable, assignable or otherwise, see *McKay v. Clark*, 162 Kan. 653, 178 P. 2d 679; *Brown v. Beckerdite*, 174 Kan. 153, 254 P. 2d 308; see, also, 12 Am. Jur., Contracts, 552, § 61.

At the outset, without detailing the evidence, it may be stated, the record clearly establishes that after consummation of previous oral negotiations respecting the making of the loan appellant accepted the note in question in its present form and added that even if it be assumed, as appellant contends, failure to sign the note brought it

within the provisions of section 33-106 of the statute of frauds we would be inclined to the view his acceptance of that instrument made it a contract in writing upon which suit could be instituted and the same rights maintained as though it had been signed by him. This conclusion, we believe, finds support and is warranted by our decisions (See *Schmucker v. Sibert,* 18 Kan. 104; *Harris v. Harper,* 48 Kan. 418, 29 Pac. 697; *Barhyte v. Real-estate Co.,* 66 Kan. 390, 391, 71 Pac. 837) recognizing that a deed, signed by the grantor, is to be given that force and effect. However, since there are good reasons for holding his contention respecting applicability of such section of the statute is wholly fallacious, we are neither called upon nor required to base this decision upon any such assumption.

One of the reasons to which we have just referred is that an ordinary promissory note executed, delivered and accepted under the confronting facts and circumstances, is a unilateral contract (12 Am. Jur., Contracts, 506 § 8; Restatement, Contracts, Vol. 1, § 12; 17 C. J. S., Contracts, 326 § 8) which does not come within the scope of 33-106, *supra,* (Restatement, Contracts, Vol. 1, § 198; 49 Am. Jur., Statute of Frauds, 845 § 543; 2 Corbin on Contracts, Statute of Frauds, 771 § 523). Another, in a sense inherent in the one just mentioned and certainly supported by the same authorities, is that the only signatures necessary to the validity of a promissory note are the makers thereof, hence the payee named in such an instrument is not a "party to be charged therewith" within the meaning of that term as used in the last prohibition of 33-106, *supra.* Additional authorities supporting this conclusion will be found in 49 Am. Jur., Statute of Frauds, 686 § 384; 37 C. J. S., Frauds, Statute of, 698 § 206; 2 Williston on Contracts (Rev. Ed.) 1687 § 586. Still another, particularly applicable because of express language of the involved note disclosing the promises contained therein could have been fully performed at any time after its execution, is that before a contract will be adjudged void by reason of the last prohibition of such section of the statute it must clearly appear that such contract is incapable of being performed within a year. For Kansas cases and other authorities supporting this rule see Hatcher's Kansas Digest (Rev. Ed.), Frauds, Statute of, § 21; West's Kansas Digest, Frauds, Statute of, §§ 49 to 52, Incl.; 49 Am. Jur., Statute of Frauds, 385 § 25; 37 C. J. S., Frauds, Statute of, 553, 556, 558, 561 §§ 42, 48, 50, 53; 2 Williston on Contracts (Rev. Ed.) 1441 § 495.

Based on the foregoing authorities we are constrained to conclude the contentions advanced by the ingenuity of appellant's astute and diligent counsel, to the effect the provisions of 33-106, *supra,* precluded the trial court from admitting such note in evidence and from giving the terms of that instrument weight as a defense to the cause of action set forth in the amended petition, cannot be upheld.

Since our conclusions on the foregoing and other points previously considered dispose of all errors assigned the judgment must be affirmed.

It is so ordered.