No. 39,405 & 39,425

JOSEPH M. McKAY, Executor of the Last Will and Testament of Thomas A. Reber, Deceased, *Appellee*, v. EUGENE PARKER and FLORENCE PARKER, *Appellants*.

(271 P. 2d 245)

Opinion filed June 12, 1954.

*Robert A. Reeder*, of Troy, argued the cause and was on the brief for the appellants.

*A. O. Delaney, Jr.*, of Troy, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on a note secured by a mortgage on real estate and for the foreclosure of the mortgage. Judgment was entered for the plaintiff and defendants appeal.

In his petition plaintiff alleged that he was the duly appointed and qualified executor of the last will of Thomas A. Reber, deceased; that on August 1, 1946, defendants executed and delivered to Thomas A. Reber their promissory note due August 1, 1951, for the sum of $4,000; that plaintiff was the owner and holder of the note by operation of law and that there was due and owing thereon the sum of $4,480 and interest; that simultaneously with the execution of the note defendants executed and delivered to Reber a mortgage on described real estate to secure the above note; that the mortgage had been recorded and the registration fee paid; that the mortgage had become absolute and plaintiff was entitled to have it foreclosed and the real property sold in satisfaction of the debt, and he prayed for judgment on the note and for foreclosure of the mortgage. Copies of the note and mortgage were attached to the petition as parts thereof.

Defendants answered admitting execution of the note and mortgage, denying that plaintiff was the owner and holder thereof and entitled to have foreclosure and alleging that on or about February 4, 1952, Reber delivered as a gift *inter vivos* to defendant Eugene Parker the above note and did deliver to defendant Parker as a part of the gift the original mortgage, the transfer and delivery being accomplished by Reber physically handing the note and mortgage to Parker, and they prayed that plaintiff take nothing by his petition.

The trial resulted in a judgment for the plaintiff and the defendants appealed and that appeal bears number 39,405. Later the defendants' motion for a new trial was denied and they appealed from that ruling and that appeal bears number 39,425. The appeals are presented together and appellants' specifications of error cover the matters hereafter discussed. We shall refer to the parties as they appeared in the trial court.

As has been noted under the pleadings the execution of the note and mortgage was admitted, defendants did not allege the note had been paid nor that the mortgage had been satisfied or released, but did allege that Reber in his lifetime had given the note and mortgage to them. At the trial nothing seems to have been said that

under the pleadings the burden of proof was on the defendants. The plaintiff offered in evidence the records of the register of deeds showing the mortgage to which the defendants objected on the ground the record was not the best evidence. Under G. S. 1949, 60-2854 and as that statute was construed in *Wendell v. Heim*, 87 Kan. 136, 123 Pac. 869, the objection was not good and the trial court did not err in admitting the record of the mortgage. From the testimony of defendants' counsel, called as a witness by the plaintiff, it appeared that the defendant Eugene Parker had the note and mortgage in his possession and he was then called as a witness, asked his name and whether he had the note and mortgage in his hand and upon an affirmative answer being made, the plaintiff offered them in evidence. Defendants on cross examination of Parker sought to show the circumstances as to the consideration for and the execution of the note and mortgage, and as to how those documents came into the possession of Eugene Parker, to which questions plaintiff objected as calling for testimony by a person in his own behalf in respect to a transaction or communication had personally by him with a deceased person and not admissible in evidence under G. S. 1949, 60-2804. These objections were sustained.

Appellants contend the trial court erred in sustaining the objection and in not permitting them to inquire as to all matters concerning the execution of the note and mortgage and what subsequently occurred between them and Reber as to how they became possessed of the note and mortgage, and they direct our attention to and quote from *Niccolls v. Esterly*, 16 Kan. 32; *Plowman v. Nicholson*, 81 Kan. 210, 105 Pac. 691; *Poole v. Poole*, 96 Kan. 84, 150 Pac. 592; *Bank v. Abbott*, 104 Kan. 344, 179 Pac. 326; *Robertson v. Wangler*, 107 Kan. 45, 190 Pac. 788; and textbook authority, supporting the rule that where the plaintiff offers proof of facts respecting transactions or communications had by a witness with a person since deceased and under whom he claims, he waives incompetency of the witness to testify and opens the door to permit the defendants to cross examine further concerning the entire transaction or communication.

Without extended discussion it may be said that the rule contended for by the defendants is correct and is to be applied in a proper case. Was this such a case? On direct examination defendant Parker was asked his name, which he gave, and whether

papers which he had in his hand were the note and mortgage, which he answered affirmatively. No other question was asked on direct examination. Answers to the two questions may not be said to prove any facts respecting transactions or communications had by the witness with the deceased Reber under whom the witness claims, and it may not be said that plaintiff waived the incompetency of the witness to testify as to transactions and communications had by him with Reber and thus opened the door so that on cross examination the witness could be interrogated as to such transactions and communications. In our opinion the trial court did not err in its ruling sustaining the objection to the questions asked on cross examination of the witness Parker.

Two other specifications of error are noted. One is that the trial court erred in ruling on a motion to make definite and certain. This specification is not argued and is considered as abandoned. The other is that the trial court erred in denying the defendants' motion for a new trial. The motion is not included in the abstract, and there is no specific discussion of it. If it be assumed the ground was exclusion of evidence, what has been said suffices, and there was no error.

The judgment of the trial court is affirmed.