No. 21,690.

THE STATE BANK OF DOWNS, *Appellant*, v. LUTIE ABBOTT, *Appellee*.

### SYLLABUS BY THE COURT.

1. PLEADING—*Leave to Verify Answer—Motion for Continuance—Judicial Discretion.* The granting of permission to defendant at the opening of the trial to verify an answer which was a general denial and which previously had been verified by defendant's counsel, and the refusal of the court on application by plaintiff to grant a continuance because of the reverification, does not disclose an abuse of discretion by the court, nor afford ground for a reversal.

2. ORAL CHATTEL MORTGAGE—*Without Delivery of Property.* A party may give an oral mortgage on his property which will be valid as between the parties to it without delivery of the property mortgaged, provided such oral agreement has the elements necessary to constitute a valid written mortgage.

3. SAME—*No Error in Instructions.* The evidence in the case warranted the court in giving an instruction as to what is necessary to constitute a valid oral chattel mortgage, and the omission to give the jury an instruction relating to a written mortgage, the same not being requested, was not prejudicial error.

4. SAME—*Exclusion of Evidence—No Error.* A writing offered in evidence is held to be so indefinite in its character, and so remote in its application to the case, that its exclusion was not error.

5. SAME—*Testimony Concerning Conversations with Persons Since Deceased.* Testimony given by defendant as to a conversation between a deceased person and a stranger, heard by the defendant, but in which she did not participate, was properly admitted in evidence, and where the plaintiff on cross-examination drew from defendant communications between her and the deceased, the disqualification was thereby waived, and plaintiff cannot complain of the admission of such communications.

Bank v. Abbott.

6. SAME—*Evidence—Findings—Judgment.*. The evidence is deemed to be sufficient to sustain the findings and judgment made and rendered.

Appeal from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed March 8, 1919. Affirmed.

*J. L. Travers,* of Osborne, for the appellant.

*N. C. Else,* of Osborne, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was replevin to obtain possession of seventeen cows and steers of the alleged value of $740, which plaintiff claimed by virtue of a chattel mortgage executed by E. D. Hill. Defendant contended that Hill did not own the cattle in controversy when the plaintiff's mortgage was made, and that they were not included or intended to be included in the mortgage. The jury found that defendant did not wrongfully detain the cattle replevined by the plaintiff, and further, that the cattle taken from and not returned to defendant were of the value of $600. The plaintiff appeals.

The principal question in the case was the identity of the cattle included in the plaintiff's mortgage, and the verdict of the jury determines—and apparently on sufficient evidence—that plaintiff had no lien upon them.

One of the errors assigned by plaintiff was the granting of permission to defendant to reverify her answer, which was a general denial. It had been sworn to by counsel instead of by the defendant, and at the opening of the trial defendant was allowed to add her verification. A continuance was asked. because of this change, which was refused. It cannot be held that there was an abuse of discretion in refusing a continuance of the case on the grounds stated.

According to the testimony, some of the cattle involved herein were sold by the defendant to Hill, and for them he gave a note secured by an oral mortgage on the cattle purchased. Objection was made to instructions, one of which was to the effect that an agreement in writing to transfer personal property as security may be regarded as an oral chattel mortgage as between parties, and valid without the delivery of the property so transferred. The other was, that such a parol agreement giving security on property for its purchase

price might be enforced by retaining possession of it, and this would not affect the rights acquired by other parties prior to the making of the parol agreement.

A memorandum agreement between Hill and the defendant was received in evidence, which was, in substance, that if Hill should be unable to pay for the eight head of cattle (describing them), or if anything should happen to them, they should be returned to defendant with the increase, and that Hill should not mortgage or dispose of them. A note given by Hill to the defendant was also admitted, in which was a statement of the animals and property which formed the consideration of the note. Plaintiff insists that the agreement and note tended to prove a written, and not an oral mortgage, and that the court erred in failing to instruct the jury relating to a written mortgage, and in directing the attention of the jury to the evidence of an oral mortgage. Neither the memorandum agreement nor the note can be regarded as a written chattel mortgage, and both tended to show the indebtedness of Hill to defendant as the basis for the oral chattel mortgage about which testimony was given. That testimony warranted the court in instructing the jury as to an oral mortgage, and the instructions given on that subject appear to be a correct statement of the law. (*Bates v. Wiggin,* 37 Kan. 44, 14 Pac. 442; *Weil v. Ryus,* 39 Kan. 564, 18 Pac. 524; *Bank v. Taylor,* 69 Kan. 28, 76 Pac. 425.)

If instructions based expressly on the memorandum and the note were deemed to be necessary and important by plaintiff, it might have requested them, but it does not appear that any were asked by plaintiff and, under the circumstances, the failure of the court to amplify the instructions cannot be regarded as material error.

It is contended that the exclusion of an unsigned writing in which property of indefinite description was listed, beginning with, "79 steers, $2,765, $35.00 per head; 7 Reg. cows, $595, $85.00 per head," following with a list of other animals and property, and ending with "3,500 bushels of corn, $1,400.00," was error. The president of the bank identified the paper and proposed to show that it was written by Hill about the time the mortgage was made, and at the request of the officers of the bank, who desired a list of all the cattle which Hill owned. The

ground of the objection is not stated in the record, nor is the reason for the ruling of the court given. The writing appears to be too indefinite and remote to have been of any practical value as evidence, and besides, the property mentioned in it appears to have been included in the mortgage where fuller descriptions are given. No prejudice can have resulted from its exclusion.

Neither is there anything substantial in the objections to the evidence of the defendant regarding statements and conversations between her and Hill, who died previous to the trial. The testimony given by defendant on her direct examination related to statements and communications made by defendant to her mother in her presence and hearing and in which she did not participate. That testimony does not come within the prohibition of the statute. (*Griffith v. Robertson,* 73 Kan. 666, 85 Pac. 748.) On the cross-examination of the defendant, plaintiff drew from defendant a conversation between her and the deceased which she could not have offered in her own behalf against objection. The plaintiff itself, having brought out this testimony, waived the disqualification of the witness and opened the door for the reception of the entire conversation with the defendant. Having done this, the plaintiff is not in a position to complain of the reception and consideration of the evidence. (*Niccolls v. Esterly,* 16 Kan. 32; *Plowman v. Nicholson,* 81 Kan. 210, 105 Pac. 692; 106 Pac. 279; *Poole v. Poole,* 96 Kan. 84, 150 Pac. 592.)

There is a contention that the verdict is without support, but there is testimony of a substantial character tending to show that Hill did not have the ownership nor possession of the cattle when defendant's mortgage was made, and that he did not have an intention nor the right to give a lien upon them.

A motion was made by plaintiff to retax the costs, upon which some modifications were made by the court, in those taxed. There is complaint that they are still excessive but, upon the evidence produced, we are unable to say that the court erred in that respect.

The judgment is affirmed.