No. 43,845

HENRY CHARLES AMON, by His Father and Next Friend, OSCAR AMON, *Appellee,* v. HENRY LUECK, d/b/a LUECK GRAIN ELEVATOR of Netawaka, Kansas and TRINITY UNIVERSAL INSURANCE COMPANY of Dallas 1, Texas, *Appellants.*

(397 P. 2d 365)

Opinion filed December 12, 1964.

*Herbert A. Marshall,* of Topeka, argued the cause, and *Allen Meyers* and *Doral H. Hawks,* of Topeka, were with him on the brief for the appellants.

*Hal C. Davis,* of Topeka, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought by Henry Charles Amon, by his father and next friend, Oscar Amon, plaintiff (appellee), to recover damages which resulted from injuries inflicted by Henry Lueck, doing business as Lueck Grain Elevator of Netawaka, defendant (appellant), in the negligent operation of a motor truck. Joined with the defendant Lueck was defendant (appellant) Trinity Universal Insurance Company of Dallas on a policy of insurance covering Lueck as a contract motor carrier pursuant to the statute regulating motor carriers.

Defendant Lueck moved to strike certain portions from the petition with reference to his being a private motor carrier and all reference to his insurance carrier. The defendant insurance carrier demurred to the petition on the ground it failed to state a cause of action against it. From an order overruling the motion to strike and the demurrer, both defendants appeal.

The allegations of the petition pertinent to the issue raised in this court are as follows:

Defendant Henry Lueck (hereinafter referred to as Lueck), in the course of his business operates a grain elevator and owns and operates a two-ton Ford truck with a specially built body for delivering feed and grain, and operates as a motor vehicle private carrier under certificate of convenience and necessity No. 42-207 issued by the Kansas Corporation Commission; that Lueck was engaged in the storage of grain and the hauling and delivering of grain and feed and other farm commodities to farmers for feed for their cattle and livestock; that defendant Trinity Universal Insurance Company of Dallas (hereinafter referred to as the insurance carrier) is the insurer of Lueck, and under the rules and regulations of the Kansas Corporation Commission and the laws of the state was required to file a copy of its insurance policy with the corporation commission; that plaintiff's father ordered from Lueck a load of dairy feed which consisted of a mixture known as dairy supplement; that defendant Lueck loaded his truck with the supplement and drove to the farm of the plaintiff, parking the truck near the barn, and thereupon connected the chute of the truck to the silo where said dairy supplement was to be unloaded and stored; and that in Lueck's unloading process, plaintiff Henry Charles Amon was injured due to the alleged negligent action of Lueck.

Defendants conceded the petition sufficiently alleges that Lueck had a private carrier's permit issued by the Kansas Corporation Commission and had obtained from the insurance carrier the required liability insurance coverage, which policy had been filed with the Kansas Corporation Commission.

Defendants' sole question involved on this appeal is whether or not Trinity Universal Insurance Company can properly be named as a party defendant as the insurer of the private carrier Lueck under the provisions of the Kansas motor carrier laws when the accident which caused plaintiff's injury did not happen while the truck was actually being operated within the confines of a public street or highway but while being unloaded by Lueck on plaintiff's father's farm.

In light of the provisions of G. S. 1961 Supp., 66-1,128, the question must be answered affirmatively. The mentioned statute provides, in pertinent part:

"No certificate, permit, or license shall be issued by the state corporation commission to any . . . 'private motor carrier of property,' until and after such applicant shall have filed with, and the same has been approved by the

state corporation commission, a liability insurance policy in some insurance company or association authorized to transact business in this state, in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public with due regard to the number of persons and amount of property involved . . . which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier. . . ."

We have construed this statute many times, and it would seem the issue has long been laid to rest. The identical question raised by the defendants in the instant case was fully dealt with in the case of *Lamb v. Hartford Accident & Indemnity Co.*, 180 Kan. 157, 166, 167, 300 P. 2d 387, wherein this court held:

"Under our statute ( G. S. 1949, 66-1,128) the liability of an insurer who gives a liability insurance policy to enable a public or contract carrier of property or passengers to obtain a certificate or license as such, is a tort liability for the negligent operation of such carrier, and if the petition states a cause of action in tort against the permit holder and alleges the filing and approval of the liability policy pursuant to the statute, it states a cause of action against the insurer." ( Syl. ¶ 2. )

and it was there further held that the fact the truck was parked on private property while being operated pursuant to the certificate of convenience and necessity did not relieve the insurance carrier from being made a party defendant nor alter its liability.

As early as *Dunn v. Jones* (1936), 143 Kan. 218, 53 P. 2d 918, we said that the obligation of such a policy to pay compensation for injury to person and loss of or damage to property, *resulting from negligent operation of the motor carrier*, rests on the insurer from the time of accident resulting in injury; and that the statute becomes a part of the policy. In *Fitzgerald v. Thompson*, 167 Kan. 87, 204 P. 2d 756, it was held that under the mentioned statute the liability of an insurer who gives a liability insurance policy to enable a private, public or contract carrier of property or passengers to obtain a certificate or license as such, is a tort liability for the negligent operation of such carrier; that the liability assumed by the insurer is neither a contract liability nor a statutory liability—it is a tort liability—the liability in tort which the insured has "from the negligent operation" of his business under the permit. We further said that if the petition states a cause of action in tort against the permit holder and alleges the filing and approving of a liability policy, it states a cause of action against the insurer. This is the basis for the holdings of the court that one who sustains injury

to his person or property by the negligent operation under the permit of the permit holder may sue both the permit holder and the insurer, or either one of them, and the action is in tort, not in contract.

The mentioned cases and others pertinent to the question raised herein were fully discussed in the opinion of *Streebin v. Capitol Truck Lines,* 182 Kan. 527, 322 P. 2d 776, and the rules of law therein enunciated were reaffirmed by this court in our recent case of *Bayless v. Bayless,* 193 Kan. 79, 81, 392 P. 2d 132. No useful purpose would be gained in encumbering our decisions by again analyzing all of these cases.

In the instant case the petition alleged that at all times the Lueck truck was owned and operated under the authority and direction of Lueck; that Lueck had made application to and received from the corporation commission a certificate of convenience and necessity and a legal permit by the terms of which he was permitted to and did use the public highways and streets of the state as a private carrier of farm feed and supplement; and that Lueck was at the time of the alleged injury performing his duties in unloading the truck of supplement to the silo or storage bins on plaintiff's father's property. There can be no question but that the petition sufficiently alleged that the accident occurred while the defendant Lueck was engaged in the operation of his business for which the permit was issued, and it is immaterial whether Lueck was operating his truck upon the public street or highway or on private property while engaged in the performance of a service under the permit issued. The statute specifically provides that the liability insurance shall bind the insurer to pay compensation for injuries to persons resulting from the negligent operation of such carrier. It does not say from the negligent operation of the carrier while on the highway. Had the legislature intended to make such a limitation, it would have so provided.

In view of what has been said, the judgment of the trial court is affirmed.