No. 46,283

W. A. SCHMIDT, *Appellant,* v. FARMERS ELEVATOR MUTUAL INSURANCE COMPANY and THE FARMERS CO-OP GRAIN AND SUPPLY COMPANY, *Appellees.*

CITY OF CANTON, KANSAS, AND TRUSTEES OF A. F. & A. M. LODGE NO. 197, *Appellee,* v. W. A. SCHMIDT, *Appellant,* and FARMERS ELEVATOR MUTUAL INSURANCE COMPANY and THE FARMERS CO-OP GRAIN and SUPPLY COMPANY, *Appellees.*

AMERICAN LEGION POST No. 197, *Appellee,* v. W. A. SCHMIDT, *Appellant,* and FARMERS ELEVATOR MUTUAL INSURANCE COMPANY and FARMERS CO-OP GRAIN AND SUPPLY COMPANY, *Appellees.* IOWA KEMPER MUTUAL INSURANCE COMPANY, *Intervenor, Appellee.*

(491 P. 2d 947)

Opinion filed December 11, 1971.

*Evart Mills,* of Mills & Mills, of McPherson, argued the cause and was on the brief for the appellant.

*Richard T. Foster,* of the firm of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, argued the cause and was on the brief for appellees City of Canton, Trustees of A. F. & A. M. Lodge No. 197 and American Legion Post No. 197; *Robert W. Wise,* of the firm of Lehmberg, Bremyer, Wise, Jones & Hopp, of McPherson, argued the cause and was on the brief for appellees Travelers Indemnity Company and Iowa Kemper Mutual Insurance Company; and *Mary A. Senner,* of the firm of Turner & Balloun, of Great Bend, argued the cause and was on the brief for appellees Farmers Elevator Mutual Insurance Company and The Farmers Co-op Grain and Supply Company.

The opinion of the court was delivered by

Fontron, J.: The roots of this appeal go back to a cold February morning in Canton, Kansas, nearly five years ago, when a fire consumed the Friendly Chevrolet garage owned by the plaintiff, W. A. Schmidt. At the time of this unfortunate occurrence, one of Mr. Schmidt's employees was working on a propane truck of Farmers Co-op Grain and Supply Company (herein called Co-op) which was brought to the garage for emergency repairs, carrying a load of some 1200 gallons of liquid propane.

Mr. Schmidt filed suit against Co-op and its insurance carrier, Farmers Elevator Mutual Insurance Company, to recover his loss. The basis of his claim was that the driver of the truck was negligent in failing to turn off the main tank or shutoff valves and in failing to drain the lines and hoses before the vehicle was garaged, thus allowing gas to escape which ignited and caused the fire. Co-op and its insurer denied negligence and filed a cross-petition for loss of Co-op's truck and for loss of Co-op's time, claiming negligence on Schmidt's part.

The City of Canton, whose building adjoined the garage, together with a tenant therein, Masonic Lodge No. 197, thereupon bestirred themselves and instituted suit against both Schmidt and Co-op to recover their respective damages caused by the fire. A sim-

ilar action was also initiated against Schmidt and Co-op by American Legion Post No. 197 for damage resulting to its property from the conflagration. At a later date, Travelers Insurance Company was substituted as plaintiff in place of the Legion, inasmuch as it had paid the Legion for its loss. To complete the picture, a second insurance carrier, Iowa Kemper Mutual Insurance Company, intervened in the action between Schmidt and Co-op to recover from them jointly the amount it had paid the owner of the building wherein the fire occurred.

All claims, demands and counterclaims were consolidated for trial. The jury, in its infinite wisdom, denied Schmidt's claim against Co-op, and Co-op's claim against Schmidt, but returned verdicts against both Schmidt and Co-op in favor of the City of Canton, Masonic Lodge No. 197, Travelers Insurance Company and Iowa Kemper Insurance Company.

Mr. Schmidt, alone, has appealed, all others apparently being satisfied with the outcome.

Before considering the points raised on appeal which, incidentally, do not include insufficiency of evidence, a brief statement of facts will be in order.

The pump mounted on the truck in question had ceased to function on that cold windy day while the driver was delivering propane to Co-op's customers. A hurry-up call was placed to Mr. Schmidt who, although busy, agreed to take a look at it. The truck was then driven to the garage by its regular driver, Mr. Holloway, who parked it at a point designated by Schmidt approximately 20 feet from a steam cleaner and 50 feet from a hot-water heater. Both had pilot lights. Also in the building were two overhead heaters with pilot lights. Holloway had not drained the system of pipes and hoses used in delivering propane gas to his customers, nor had he closed the main or shutoff valves on the tanks.

After the truck was parked, Schmidt directed his mechanic, Lawrence Heim, to work on it. Heim discovered that a key which connected the power take-off with the shaft had been sheared off. He then attempted by means of a hammer and drift punch to drive the shaft back to get to the key. During this process he heard a hissing sound and saw a circle of liquid coming out of the pump. Immediate action then ensued on the part not only of Mr. Heim but also of Mr. Holloway, who was watching Heim work. Heim at once crawled from beneath the truck and attempted to drive it out the

back door, while Holloway held the door open. As the truck was halfway through the door an explosion was heard and fire started coming out around the cab. At this juncture both men prudently departed from the scene.

As we have previously said, Co-op and its insurance carrier filed a cross or counterclaim against Schmidt, and Schmidt's first claim of error is that the trial court erred in overruling (1) his motion for summary judgment against the counterclaim and (2) his motion for a directed verdict relating thereto.

This court has never been called upon to determine whether an order overruling a motion for summary judgment is a final and appealable order. Neither are we called upon to decide that question in this case. The jury made this question of no consequence when it failed to return a verdict on Co-op's counterclaim against Schmidt.

Similarly, no error may be said to stem from the trial court's denial of Schmidt's motion for a directed verdict aimed at the cross-claim even though, we might add, this court has held that no appeal lies from the overruling of such a motion. (*Commander-Larabee Milling Co. v. McBride,* 152 Kan. 709, 107 P. 2d 668; *Palmer v. Julian,* 161 Kan. 619, 170 P. 2d 813; *Moon v. Lord,* 172 Kan. 139, 238 P. 2d 506.)

It is next contended that the trial court erred in rejecting the proffered testimony of Mr. Schmidt relating to his reason for making no inspection of the truck and asking no questions as to its condition at the time it was brought to his garage. The gist of Schmidt's reply was that he was not familiar with or schooled in handling propane products or propane trucks, while Co-op had been in the business some twelve or fifteen years; that he had every reason to assume its employees were schooled to handle propane safely, and he relied on that assumption.

Whether or not the proffered evidence was admissible, we can hardly view its exclusion as being prejudicial, since most of the ground had already been covered by Mr. Schmidt when he testified that he had never handled propane and knew nothing about its properties; that he knew nothing about the arrangement of the piping, valves or connections on a butane truck; that he had never been schooled or trained in the handling of butane and had never handled any; that Co-op had been in the propane business for twelve or fifteen years, whereas he, Schmidt had never been engaged in

that business; and that the handling or transportation of propane gas was not in his line of business, but was in Co-op's.

In *Shepard v. Dick,* 203 Kan. 164, 170, 453 P. 2d 134, we said that the exclusion of evidence is not prejudicial where the facts are otherwise shown and that a party who seeks reversal of a judgment because of excluded evidence has the burden of showing prejudice as well as error.

Whether Mr. Schmidt, as he attempted to testify, was entitled to rely on the assumption that Co-op's employees had exercised due and reasonable care under the circumstances was an ultimate fact to be decided by the jury, and Schmidt's personal and self-serving opinion in regard thereto would have been an invasion of the jury's province. The trial court did, moreover, correctly instruct the jury that:

"A person has no duty to anticipate negligence on the part of others, and, in the absence of knowledge or notice to the contrary, is entitled to assume, and to act on the assumption, that others will exercise ordinary care."

A further allegation of error goes to the rejection of a proffer of certain testimony on the part of Merton Hickman, a deputy fire marshal. Mr. Hickman had identified Kansas Administrative Regulation 22-8-321, entitled "Parking and Garaging LP-Gas tank vehicles." This regulation sets forth several precautions to be followed when it becomes necessary to garage such a vehicle for servicing or repairs.

After the regulation was offered, Mr. Schmidt sought to make the point that its provisions applied in this case only to Co-op, as a handler of propane products, and not to himself, as a garage owner. Ostensibly it was for this purpose that questions were propounded to Mr. Hickman as to whether he knew of any law or regulation (1) which "would have made it improper for Mr. Schmidt to have accepted this butane truck into his garage for repair, provided the owners thereof had complied with all the safety regulations as promulgated by the State Fire Marshal" or (2) which "required that all fires of every kind and character be turned out in a garage when a vehicle with propane gas tanks is brought into the garage for repair, provided the precautions as provided by the State Fire Marshal's regulations had been complied with by the owner." The answers were expected, of course, to be negative.

We believe the questions as phrased do not actually reach the question of whether the state regulation imposes obligations on a

garage owner accepting a propane truck for repairs. Beyond that, however, the fundamental objection to the questions, as we view them, is that they ignore the obligation imposed by the common law upon each and every person to exercise due and reasonable care under the circumstances which confront him.

Long ago this court ruled that the common law imposes liability upon a party who through negligence or carelessness causes or sets a fire which results in damage to the person or property of another. (*Emerson v. Gardiner*, 8 Kan. * 452 [2d Ed. 303]; *Johnston v. Marriage*, 74 Kan. 208, 86 Pac. 461.)

Similar fault appears to inhere in the instruction which Schmidt requested after Hickman's proffered testimony was rejected:

"You are instructed that there is no law or any regulation by the State Fire Marshal which requires that all fires, open flames similar sources of ignition be extinguished before a truck with propane tanks is taken into a. garage."

Assuming for the moment, however, that the testimony sought to be elicited from Mr. Hickman should have .been admitted— or in the alternative that the instruction should have been given— we doubt it can be said that prejudice ensued.

Mr. Schmidt himself stated on the stand that he assumed there were state regulations with regard to a dangerous activity like this but that he never gave them any thought; that he was aware that propane was a dangerous substance, and valves can leak; that there is danger in working on propane trucks loaded with gas under pressure when they are taken into a building whose doors are closed, because leaks can always occur one place or another; that thirty years ago a fire had resulted when his people were working on the pump of a butane truck. Mr. Heim, Schmidt's employee, also admitted he knew there was danger if he jarred anything loose and if gas escaped that it could very well contact the pilot light about twenty-five feet away.

It is next contended that the trial court erred in refusing to give Schmidt's requested instruction on intervening cause. We believe this claim of error cannot be upheld. The court instructed at some length on the subject of proximate cause. We believe its instructions were adequate to cover the field in this area. The refusal of an instruction which has been requested is not error where the substance thereof is covered by other instructions. (*Bazzell v. Atchison, T. & S. F. Rly. Co.*, 133 Kan. 483, 300 Pac. 1108; *Marsol Credit Co. v. Blacker*, 150 Kan. 477, 95 P. 2d 285.)

The plaintiff also argues that the trial court erred in failing to instruct the jury upon the issues and upon the burden of proof. We find difficulty in following this argument. The record discloses the court included a separate instruction on burden of proof, which we deem adequate, and we judge that the issues were sufficiently outlined throughout the instructions as a whole. Moreover, we find nothing in the record indicating that Schmidt requested further amplification of the instructions given (*Bank v. Abbott*, 104 Kan. 344, 346, 179 Pac. 326) or that he filed any objections to the instructions which were given. K. S. A. 60-251(*b*) provides that no party may assign as error the giving of an instruction unless he specifically objects thereto and states the basis thereof, except where the instruction is clearly erroneous.

When Schmidt originated these proceedings, he named as parties defendant both Co-op and its insurance carrier, Farmers Elevator Mutual Insurance Company (herein called Farmers Mutual). The two defendants reciprocated by counter-claiming against Schmidt both for loss of the truck, for which Farmers Mutual had reimbursed Co-op under its insurance policy, and for Co-op's own loss of time. At a later date, however, Farmers Mutual apparently had qualms about remaining in the lawsuit and it proceeded to file a motion for its dismissal. The motion was sustained and that ruling is also assigned as error.

In our judgment the dismissal was incorrectly entered. This court has held, in an unbroken line of decisions, that an insurance carrier may be joined as a defendant in a tort action along with its insured, where the insurer has provided a liability policy to be filed with the State Corporation Commission under the provisions of K. S. A. 66-1,128 for the purpose of enabling the insured to obtain a certificate or license as a public, contract or private carrier of property. (*Dunn v. Jones*, 143 Kan. 218, 53 P. 2d 918; *Lamb v. Hartford Accident & Indemnity Co.*, 180 Kan. 157, 300 P. 2d 387; *Amon v. Lueck*, 194 Kan. 89, 397 P. 2d 365.)

Farmers Mutual admitted, in response to plaintiff's request for admissions, that it had filed its certificate of insurance with the Kansas Corporation Commission covering the operation of all motor vehicles operated by Co-op; that Co-op held KCC permit No. 26,552 for the use and operation of the truck; and that Holloway was operating the truck within the scope of his employment. In

our view these admissions bring the case squarely within the boundaries of the doctrine espoused in the foregoing cases.

The record, it is true, shows that Holloway signed an affidavit to the effect he operated the truck without a KCC permit because it was operated locally and within a radius of 25 miles from Canton. We deem it immaterial that the truck was so employed. By Farmers Mutual's own admission its liability policy covered all vehicles operated by Co-op, including the truck in question.

But was the dismissal of Farmers Mutual from the lawsuit prejudicial to Mr. Schmidt? We are hard pressed to understand how the continued presence of the insurance carrier in this case could have had any bearing on the ultimate issues of liability between Schmidt and his multiple adversaries.

We vaguely sense, as we read between the lines of Schmidt's brief, that perhaps he considered his position would have been improved had the insurance company been kept in the case as one of his opponents. But our statute, K. S. A. 60-454, forbids the use of such an inflammatory word as "insurance" during trial of a damage action, and our cases have upheld the hypothesis that mention of the odious term may not be breathed, lest prejudice arise. In all candor we cannot say that under the present state of our law prejudicial error was committed in removing Farmers Mutual from the jury's view.

Finally Mr. Schmidt contends the trial court erred in denying him the right to make the closing argument and in permitting Travelers Insurance Co., the City of Canton, Masonic Lodge No. 197 and Iowa Kemper Insurance Co. to take over the favored closing spot.

The journal entry reflects that prior to trial all parties stipulated that "the order for presentation of evidence should be Schmidt, Farmers Co-op, and lastly, Travelers, Iowa Kemper, Canton and Lodge No. 197." Closing arguments appear to have proceeded in the same sequence, with Schmidt being allowed twenty minutes to open, Co-op then having forty minutes, Schmidt following with twenty minutes, and Travelers Insurance, *et al.*, bringing up the rear with an allotted forty minutes, twenty-five of which were used. No objection to this order of precedence is shown to have been made by Mr. Schmidt, or by any other litigant.

In general it may be said that the party having the burden of proof is entitled to open and close when the time arrives for final arguments. This rule, as we stated in *Railroad Company v. Johnson,* 74 Kan. 83, 96, 86 Pac. 156, "is the orderly method of procedure universally adopted by the courts."

The rule works smoothly when litigation is not complicated by cross demands, counterclaims or intervening causes of action. But where, as here, a trial is more complex, with the burden of persuasion resting on more than a single proponent, the issue is not quite so simple; in the absence of agreement the trial court must then be entrusted with discretion to designate the order in which final arguments may be presented. In 88 C. J. S., Trial, § 43, p. 107, we believe the rule is properly defined:

". . . Where two actions between the same parties and involving the same transaction are consolidated for trial, plaintiff in each action being defendant in the other, it has been held necessarily within the discretion of the court to determine which party may open and close . . ."

Corroboration of this principle is found in *White v. White,* 99 Kan. 133, 160 Pac. 993:

"When a case involves two cases of action and the burden of the first is on the plaintiff and the burden rests on the defendant in the second, it is not important which litigant is permitted to open and close the argument to the jury so long as each has a fair opportunity to present and argue his side of the controversy." (Syl. ¶ 3.)

Certainly no abuse of discretion can be charged against the trial court in this instance. It was logical for the court, in the absence of objection, to determine that the closing arguments should follow the same pattern that the parties themselves had set for the presentation of their evidence.

Mr. Schmidt refers to the closing argument of counsel for the Travelers' group as being prejudicial, yet we find nothing in the record to indicate that he interposed any objection thereto at the trial. Hence that matter is not subject to appellate review. (*State v. Nusbaum,* 52 Kan. 52, 34 Pac. 407; *St. L., Ft. S. & W. Rld. Co. v. Irvin,* 37 Kan. 701, 16 Pac. 146; *Roda v. Williams,* 195 Kan. 507, 515, 407 P. 2d 471.)

We conclude that the judgment of the court below must be affirmed.

O'CONNOR and PRAGER, JJ., not participating.

FATZER, C. J., dissents from (2), (3) and (4) of paragraph 8 of the syllabus and the corresponding portions of the opinion.

SCHROEDER, J., dissents.