No. 46,504

Cliff Winner, *Appellant,* v. Lowell Ratzlaff and Employers Mutual Casualty Company, *Appellees.*

(505 P. 2d 606)

Opinion filed January 20, 1973.

*Evart Mills*, of Mills and Mills, of McPherson, argued the cause and was on the brief for the appellant.

*Raymond Dahlberg*, of Turner and Balloun, Chartered, of Great Bend, argued the cause, and *Lee Turner*, and *Thomas C. Kelley* of the same firm were with him on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: This action was commenced initially as one for damages for the wrongful death of plaintiff's wife, who was struck and killed while walking across a street. Plaintiff later joined as a party defendant the insurance carried providing him and his wife with uninsured motorist coverage. In a jury trial ordered over plaintiff's objection on the separate issue of liability, the jury returned special verdicts that the uninsured motorist was not negligent and that plaintiff's decedent was contributorily negligent at the time she was struck. Pursuant to pretrial order the fact that the insurance company was a party to the litigation or the existence of uninsured motorist coverage was not disclosed to the jury. Plaintiff has appealed from the adverse judgment rendered on the jury's special verdicts.

We first recite the facts of the collision. On February 17, 1969, at about 6:55 p. m., Mary Ellen Winner, age sixty-six, was driven by her husband to her home at 206 Main street, Inman, Kansas. The Winner home was on the east side of the block. The Winner automobile had been driven southward down this block and had been stopped near the west curb across from the Winner home. Mrs. Winner, who was wearing dark clothing, got out of the Winner vehicle and plaintiff drove southward on Main street in order to park the car in the alley behind the Winner house. During this time defendant Lowell Ratzlaff, age seventeen, was driving his vehicle north on Main street toward the 200 block thereof at a speed of about thirty miles per hour. He observed the Winner car parked on the west side of Main street and saw it drive toward him. Appar-

ently defendant was the only eyewitness to the fatal incident. He testified that the lights on plaintiff's vehicle glared into his eyes and after it had been driven away Mrs. Winner emerged from behind; she was in the middle of the street looking toward her house; she was about six or eight feet in front of defendant's car when he first saw her; he applied his brakes but did not have sufficient time to avoid striking her after first seeing her. There was a mercury vapor light across the street from the Winner house. Main street was forty feet in width. Mrs. Winner was struck about thirteen feet from the east side of the street. She was hit by the right side of the hood of defendant's automobile and died of injuries sustained thereby.

On February 27, 1969, plaintiff filed suit for damages in the sum of $35,900 for wrongful death against defendant Lowell Ratzlaff. A guardian *ad litem* for him was promptly named. Plaintiff then took Ratzlaff's deposition during the course of which it was ascertained Ratzlaff had no liability insurance coverage available to him. Plaintiff then procured an order permitting him to make Employers Mutual Casualty Company an additional party defendant and to file an amended petition. In this petition plaintiff alleged additionally that Employers had issued its policy to plaintiff and his wife providing them with uninsured motorist coverage in the sum of $10,000, and defendant Ratzlaff was an uninsured motorist and further that Employers had negotiated with defendant Ratzlaff and his guardian *ad litem* and had by contract obtained the right to conduct the defense of Ratzlaff, which facts were admitted by Employers. It appears that, in consideration of the right to defend Ratzlaff, Employers agreed to waive its subrogation rights against Ratzlaff and to pay its own expenses incurred in defense of the suit. Judgment against Employers in the sum of $10,000 was demanded in the amended petition.

Thereafter at pretrial conference plaintiff sought unsuccessfully to dismiss his tort action against Ratzlaff and to proceed only against Employers on its insurance contract. Upon Employers' application the trial court ordered separate trial on the issue of liability of defendant Ratzlaff for the death of Mrs. Winner and further ordered "that plaintiff be prohibited from mentioning to the jury during such trial that Employers Mutual Casualty Company was a party defendant herein or that plaintiff was seeking recovery only from such defendant". Meanwhile plaintiff offered to try

separately his action for $10,000 against Employers and to agree in such event that he would accept payment of whatever verdict might be rendered by the jury against Employers as full settlement of his claim against Ratzlaff. Nothing was done in acceptance of this offer.

As indicated, jury trial was had, no mention was made to the jury of Employers' presence in the litigation and the issue of liability was tried as an ordinary tort action between two individuals without mention of insurance. By special verdicts the jury absolved Ratzlaff of negligence, found Mrs. Winner guilty of contributory negligence and further found Ratzlaff did not have a last clear chance to avoid the collision. Judgment was entered for both defendants and plaintiff brings the matter here for review.

As presented and argued here the question essentially is whether it is requisite to recovery against an uninsured motorist liability carrier that judgment first be obtained aginst the uninsured motorist, that is to say, is establishment of liability on the part of the uninsured motorist a condition precedent to recovery under an uninsured motorist policy? If this be answered negatively, the further issue arises whether plaintiff was prejudiced by the procedure employed here.

We should note that none of the provisions of the policy in question are asserted by the parties as pertinent to decision and consequently none are contained in the record before us.

Our statute on uninsured motorist coverage, enacted in 1968 and now appearing as K. S. A. 1972 Supp. 40-284, provides in pertinent part:

"No automobile liability insurance policy covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless the policy contains or has endorsed thereon, a provision with coverage limits not less than the limits for bodily injury or death set forth in K. S. A. 1967 Supp. 8-729, providing for payment of part or all sums which the insured or his legal representative shall be legally entitled to recover as damages from the uninsured owner or operator of the motor vehicle because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such motor vehicle. . . ."

The first issue is to be determined pursuant to this requirement.

We have not had occasion to construe 40-284 in connection with the issue here presented. Other jurisdictions have, however, dealt

with it under statutes or policy provisos, the pertinent language of which is either identical to or without significant variance from that contained in our statute. The majority rejects the argument that the claimant must first secure a determination on the issues of fault and damages in suit against the uninsured motorist before bringing an action against the carrier of uninsured motorist coverage.

Cases supporting the view that suit against the uninsured motorist is not a condition precedent to suit or recovery against the carrier include the following: *Hartford Acc. & Ind. Co. v. Warren,* 246 Ark. 323, 438 S. W. 2d 31; *Indiana Insurance Company v. Noble,* 265 N. E. 2d 419 (Ind. App., 1970); *Puckett v. Liberty Mutual Insurance Company,* Ky., 477 S. W. 2d 811; *Booth v. Fireman's Fund Insurance Company,* 253 La. 521, 218 So. 2d 580, 28 ALR 3d 573; *Hodges v. Canal Insurance Company,* Miss., 223 So. 2d 630; *Reese v. Preferred Risk Mutual Insurance Company,* 457 S. W. 2d 205 (Mo., CA); *Wright v. Casualty Co., and Wright v. Insurance Co.,* 270 N. C. 577, 155 S. E. 2d 100; *Application of Travelers Indemnity Company,* 226 N. Y. S. 2d 16; *Johnson v. United Services Automobile Association,* Okl., 462 P. 2d 664; *State Farm Mutual Automobile Ins. Co. v. Matlock,* 446 S. W. 2d 81 (Tex., Civ. A); *Grayson v. National Fire Insurance Company,* 313 F. Supp. 1002 (DC, Puerto Rico, 1970); *Cline v. Aetna Insurance Company,* 317 F. Supp. 1229 (S. D. Ala., 1970).

Policy declarations not here pertinent aside, reasons advanced in the foregoing cases include the fact the language of the statutes in question, or of the policies, contains no justification for requiring that the claimant must sue and recover judgment against the uninsured motorist and, further, the imposition of such a requirement would essentially transfer this coverage into its own antecedent—unsatisfied judgment insurance (see Widiss, A Guide To Uninsured Motorist Coverage, § 7.16).

A few jurisdictions have adopted a contrary view (see *State Farm Mut. Auto. Ins. Co., v. Girtman,* 113 Ga. App. 54, 147 S. E. 2d 364; *Park v. Safeco. Ins. Co. of America,* 251 S. C. 410, 162 S. E. 2d 709; *Glover v. Tennessee Farmers Mutual Insurance Co.,* _____ Tenn. _____, 468 S. W. 2d 727; and *O'Brien v. Government Employees Insurance Company,* 372 F. 2d 335 [3CA, 1967] construing Virginia law).

We will not attempt analysis of these cases. The purpose of legislation mandating the offer of uninsured motorist coverage is to

fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages (*Wright v. Casualty Co. and Wright v. Insurance Co.,* supra). As remedial legislation it should be liberally construed to provide the intended protection.

40-284 contains no language stating that suit must first be filed or judgment obtained against the uninsured motorist. In a nutshell, the coverage mandated is that which the beneficiary "shall be legally entitled to recover as damages" sustained at the hands of an uninsured motorist. We cannot translate this language into the requirement urged by appellees. Knowledge of the context in which this coverage developed forcefully attests to the fact it was in part promulgated to eliminate just such a condition precedent. Its origin is partially explained in *Widiss,* § 1.9, as follows:

"The antecedent of the uninsured motorist endorsement proposed by the industry committee can be found in the unsatisfied judgment insurance first offered in about 1925 by the Utilities Indemnity Exchange. This insurance provided indemnification when the insured showed both (1) that he had reduced a claim to judgment and (2) that he was unable to collect the judgment from the negligent party. Such insurance was available from several companies during the years from 1925 until 1956. When the uninsured motorist coverage because generally available, the unsatisfied judgment insurance was abandoned. It should be noted that the uninsured motorist endorsement—as proposed and subsequently issued—differed significantly from its predecessor in that it eliminated the requirement that the insured obtain a judgment against the uninsured motorist prior to recovering under his policy." (p. 13.)

We construe the words "legally entitled to recover as damages" to mean simply that the insured must be able to establish fault on the part of the uninsured motorist which gives rise to the damages and to prove the extent of those damages. This would mean that in a direct action against the insurer the insured has the burden of proving that the other motorist was uninsured, that the other motorist is legally liable for damage to the insured, and the amount of this liability. In resisting the claim the insurer would have available to it, in addition to policy defenses compatible with the statute, the substantive defenses that would have been available to the uninsured motorist such as contributory negligence, etc. (see "Uninsured Motorist Coverage", Robert T. Cox, 34 Mo. L. Rev. 7, 34).

We have recognized the right of the uninsured motorist insurance carrier to intervene as a matter of right in an action brought by its insured against an uninsured motorist where its application is timely and its interests are not being adequately represented (*Rawlins v. Stanley*, 207 Kan. 564, 486 P. 2d 840). Multiple litigation is never desirable and there is a public interest economically in avoiding it wherever possible to do so in a fair and workable manner. Everything considered, we hold it is not requisite to recovery against an uninsured motor liability carrier that judgment first be obtained against the uninsured motorist. We think an insured who has a claim against an uninsured motorist has three options open to him, complying, of course, in each with policy provisos consonant with the statute: He may file an action directly against his uninsured motorist liability carrier without joining the uninsured motorist as a party defendant; he may file an action joining both the insurer and the uninsured motorist as party defendants; or, he may file an action against the uninsured motorist alone without joining the insurer as a party defendant. In each of these options he may litigate all of the issues of liability and damages (see *Indiana Insurance Company v. Noble*, supra, and cases cited therein).

Applying the foregoing to the case at bar, we conclude the trial court erred in denying appellant's motion to dismiss his action against appellee Ratzlaff and to proceed only against appellee Employers on contract. The question remains whether or not the practice which was followed actually prejudiced appellant, inasmuch as it is only prejudicial error which requires reversal (*Libel v. Corcoran*, 203 Kan. 181, 452 P. 2d 832).

For their position that no prejudice to appellant resulted from that which was done, appellees rely upon *Schmidt v. Farmers Elevator Mutual Ins. Co.*, 208 Kan. 308, 491 P. 2d 947. There the plaintiff filed a negligence action against the owner of a truck and the owner's insurance carrier which had provided a liability policy to be filed with the state corporation commission under the provisions of K. S. A. 66-1,128 for the purpose of enabling the insured to obtain a certificate as a public, contract or private carrier of property. As such, under our decisions, the insurer was liable to joinder as a defendant along with its insured in a tort action arising from operation of the vehicle. In *Schmidt*, upon motion of the insurer, it was dismissed from the lawsuit prior to trial. The jury returned a verdict against plaintiff and plaintiff appealed from the judgment

rendered thereon, assigning, among other things, error in the ruling dismissing the insurance carrier. This court held that the dismissal was incorrectly entered. Further discussing the matter we said:

"But was the dismissal of Farmers Mutual from the lawsuit prejudicial to Mr. Schmidt? We are hard pressed to understand how the continued presence of the insurance carrier in this case could have had any bearing on the ultimate issues of liability between Schmidt and his multiple adversaries.

"We vaguely sense, as we read between the lines of Schmidt's brief, that perhaps he considered his position would have been improved had the insurance company been kept in the case as one of his opponents. But our statute, K. S. A. 60-454, forbids the use of such an inflammatory word as 'insurance' during trial of a damage action, and our cases have upheld the hypothesis that mention of the odious term may not be breathed, lest prejudice arise. In all candor we cannot say that under the present state of our law prejudicial error was committed in removing Farmers Mutual from the jury's view." (p. 315.)

Appellees urge that the situation in *Schmidt* is so analogous to that at bar with respect to the jury's awareness of the presence of insurance in the case as to compel the conclusion here that no prejudice resulted. They point out, as we did in *Schmidt*, that K. S. A. 60-454 prohibits admission of any evidence of insurance for the purpose of proving negligence.

The question is not free from difficulty; however, we believe *Schmidt* is sufficiently distinguishable from the case at bar as not to be controlling. *Schmidt* was a tort action throughout and no contractual relation existed between the plaintiff and the insurance carrier. Here the situation is significantly different in that we are dealing with a claim against the insurer by reason of its contract with appellant. We think appellant, as an aggrieved party, had a right to determine for himself whom he would sue, as is ordinarily the case. He initially sued appellee Ratzlaff in tort. Upon ascertaining that Ratzlaff was uninsured and unable to respond financially in damages he brought his own uninsured motorist carrier into the suit, as he had a right to do. Later he attempted, unsuccessfully, to dismiss Ratzlaff and proceed solely on the insurance contract. At this point appellant was cast in the role of involuntary plaintiff in a tort action.

More than mere procedure is involved. Separation of issues permissible under K. S. A. 1972 Supp. 60-242(*b*), is not equivalent to that which is tantamount to a substitution of parties in a jury trial. Appellant had substantive rights by reason of his insurance contract which he was prevented from asserting in the manner desired. We

think a litigant should not thus be deprived of control of his lawsuit and to do so, under the particular posture of this case, constituted prejudicial error.

The judgment is reversed and the cause is remanded for further proceedings in harmony with the views expressed herein.

APPROVED BY THE COURT.

FONTRON, KAUL, and PRAGER, JJ., dissent from paragraph 7 of the syllabus and the corresponding portion of the opinion.