Kathleen DECHAND, Plaintiff,

v.

INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, a Pennsylvania corporation; White Heavy Haulers of Mississippi, Inc., a Mississippi corporation; and Raymond Lund, Defendants.

Civ. A. No. 88–2546–0.

United States District Court,
D. Kansas.

Feb. 16, 1990.

Lynn D. Lauver, Topeka, Kan., for plaintiff.

Brian G. Boos, Gregory A. Lee, Gehrt & Roberts, Chartered, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

### EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion for reconsideration of the court's order of February 6, 1990, granting defendant Insurance Company of the State of Pennsylvania's (ICSP) motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Plaintiff filed this negligence action after she was injured when a truck driven by defendant, Raymond Lund, collided with her vehicle. Additional named defendants included Lund's

employer, White Heavy Haulers of Mississippi, Inc., and the insurer of the truck, ICSP.[1]

As noted in the court's order of February 6, 1990, plaintiff's direct action against ICSP is permitted by K.S.A. 66–1,128, which provides that no certificate or license shall be issued by the state corporation commission to any public or contract motor carrier, until and after an applicant filed and has approved a liability insurance policy in specified amounts. The court's decision granting ICSP's motion for judgment on the pleadings was based on the plaintiff's failure to allege the filing and approval of the policy with the Kansas Corporation Commission. Although plaintiff filed no response to the original motion, plaintiff now requests that the court reconsider its ruling based on the pretrial order, which includes a paragraph stating:

> At all material times there was in force a liability insurance policy, issued by defendant, Insurance Company of the State of Pennsylvania, to defendant, White Heavy Haulers of Mississippi, Inc., to cover its operation as a common carrier on Kansas highways, and defendant, Insurance Company of the State of Pennsylvania, is therefore liable under K.S.A. 66–1,128 *et seq.*

As stated in the court's prior order, in order to allege liability under K.S.A. 66–1,128, the plaintiff must allege the filing and approval of the policy with the Kansas Corporation Commission in conformance with the statute. *See, e.g., Fitzgerald v. Thompson,* 167 Kan. 87, 91, 204 P.2d 756 (1949). Since the pretrial order by its own terms supersedes the pleadings and controls the future course of the action, the court now finds that the pleadings as amended by the pretrial order are sufficient to state a claim against ICSP under K.S.A. 66–1,128. Accordingly, the court sets aside its order of February 6, 1990.

We now turn to ICSP's argument, not reached in our February 6th order, that the action against it should be dismissed since

1. Since plaintiff was unable to secure service on the truck driver, Lund, within the 120-day period provided under Fed.R.Civ.P. 4(j), he was dismissed from the action.

K.S.A. 66–1,128, which permits direct actions against insurance companies in negligence actions involving common motor carriers, is merely a procedural statute and may not be applied by a federal court sitting in diversity without violating the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny.[2]

To review, K.S.A. 66–1,128 provides that no certificate or license shall be issued by the state corporation commission to any public or contract motor carrier, until and after an applicant files and has approved a liability insurance policy in specified amounts. Kansas decisional law has construed the statute to allow an injured party to enforce the terms of the policy by bringing a direct action against the insurer. *Dunn v. Jones*, 143 Kan. 218, 53 P.2d 918 (1936) (insurance policy when filed indemnifies against "the condition of being liable," such obligation "rests on the insurer from the time of accident resulting in injury" and "the obligation may be enforced by action brought directly against the insurer by the person sustaining injury"). The liability the insurer assumes in these cases is a tort liability which the insured has from the negligent operation of his business under the permit.

Citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), ICSP asserts that because Kansas has determined that the direct action statute is procedural or remedial rather than substantive, a federal court sitting in diversity is precluded from applying the statute, since under *Erie* the Federal Rules of Civil Procedure generally govern procedural matters.

We agree that Kansas has clearly held K.S.A. 66–1, 128 does not confer substantive rights upon the injured plaintiff. *See Kirtland v. Tri–State Insurance Co.*, 220 Kan. 631, 633, 556 P.2d 199 (1976) (K.S.A. 66–1,128 "is not substantive, but is remedial in nature. It does not give the injured party any new rights or a new cause of action. The right to sue the insurance company directly is only a statutory remedy designed to assist the injured party in effectuating a successful recovery when liability of the motor carrier is established."); *see also Schmidt v. Farmers Elevator Mutual Ins. Co.*, 208 Kan. 308, 491 P.2d 947 (1971) (error of trial court in dismissing insurer joined in negligence action pursuant to K.S.A. 66–1,128 held to be harmless, since the presence of the insurer had no bearing upon the ultimate issues of liability).

█ We note, however, that cases subsequent to *Erie* have refined the substantive/procedural distinction and have held that state procedural rules may be applicable in federal diversity cases if an inequitable administration of law would result in not applying them. *See, e.g., Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). If there is no direct conflict between the state law and a federal rule of procedure, the state procedural law may be applied in a diversity case if the character or result of the litigation would materially differ in absence of the state law's application. *See NAL II, Ltd. v. Tonkin*, 705 F.Supp. 522, 527–28 (D.Kan. 1989), citing *Hanna v. Plumer, supra.*

█ Applying the *Hanna* test to the instant case, we first find that there is no direct conflict between the Kansas statute and the federal rules governing joinder.[3]

**2.** As stated above, plaintiff did not respond to the original motion, contending that he needed more time to complete discovery. As noted in our prior order, any discovery which remained to be completed would not have affected our ruling on a motion for judgment on the pleadings. Despite our conclusion on this issue, plaintiff has included in the instant motion an argument based on attached answers to interrogatories. Finding such an argument to be improper at this stage of the litigation, the court has excluded it from consideration when ruling on this motion.

**3.** Any conflict which may exist between K.S.A. 66–1,128 and Fed.R.Evid. 411 which precludes informing jurors of the existence of insurance absent a question of "agency, ownership, or control, or bias or prejudice of a witness," may be resolved by excluding from the jury any reference to the fact or extent of insurance from the jury. *See Langford v. J.M.I. Transport, Inc., et al.*, No. 88–2031–0, —— WL —— (D.Kan., *unpublished*, September 8, 1988).

Second, noting that the purpose of the statute is "adequate protection to members of the public from negligent conduct of the motor-vehicle operator, not simply protection to the negligent operator against judgments rendered against him," *Dunn v. Jones, supra,* 143 Kan. at 223, 53 P.2d 918, we conclude that the failure of this court to apply the Kansas statute would result in a material change in the character or outcome of this action. Accordingly, ICSP's motion is denied.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration is granted and the court's order of February 6, 1990, is set aside.

IT IS FURTHER ORDERED that defendant's motion for judgment on the pleadings is denied.